JAMES M. CAMPBELL, Appellant, *v.* HORACE S. HEAD, Appellee.

### APPEAL FROM McDONOUGH.

In replevin, the affidavit should state that the property had not been distrained for taxes assessed.

It is not error to refuse leave to amend an affidavit in replevin after the judgment of the court has been given sustaining a motion to quash the writ. The Circuit Court, while the record was under its control, might, but is not bound, to allow such amendment.

The act concerning practice has no reference to the assessment of damages in the action of replevin; that act only applies to a case where a suit is brought on a replevin bond.

The assessment of damages by a court under the 6th section of the replevin act is not a violation of the right of trial by jury.

CAMPBELL filed in the office of the Circuit Court of McDonough county a plaint and affidavit in replevin, stating that he was the owner, and then lawfully entitled to the possession of a bay horse commonly called Nephi. That said horse was then wrongfully detained from him by Head. That said horse had not been taken for any tax, assessment, or fine levied by virtue of any law of this State; nor seized under any execution or attachment against the goods and chattels of said Campbell

liable to execution or attachment. The declaration states that Head illegally, wrongly, and unjustly detained from said Campbell said horse, of the value of $100, the property of said Campbell, to his damage, &c.

Head moved that the writ should be quashed because it was defective, in not showing that the horse had not been taken for tax, assessment, or fine levied by virtue of any law of this State.

The motion to quash was sustained by MINSHALL, Judge, at May term, 1850, of the McDonough Circuit Court. A judgment for return of property and a writ of *retorno habendo* awarded. Judgment for costs and execution awarded. The cause was continued for an assessment of damages. After the motion to quash had been sustained, Campbell entered a motion for leave to amend his affidavit. The motion to amend was overruled. At April term, 1851, of the court, Campbell objected to proceeding to the assessment of damages. But the court heard the evidence, and assessed the damages of Head at thirty dollars, and awarded costs and an execution.

Campbell, on the assessment of damages, offered to prove that the horse was his at the time of the replevin, and that he was entitled to the possession of him, &c., which the court, upon the objection of Head, refused to hear. Campbell took a bill of exceptions, and brings the cause to this court by appeal. Errors assigned, are the quashing of the writ of replevin, the refusal to allow an amended affidavit to be filed, the return of the property, the assessment of damages by the court instead of by a jury, and the refusal to hear the testimony offered by Campbell on the assessment of damages.

WARREN and EDMONDS, for appellant.

The original affidavit in this cause, upon which the writ of replevin issued, was clearly sufficient. Though not in the language of the 3d section of ch. 88, Rev. St. p. 434, yet it contains the substance of what that section requires.

It states that the plaintiff is the owner and rightfully entitled to the immediate possession of the horse. That the defendant wrongfully detains him. That he has not been taken "in execution" for any tax assessment or fine levied by virtue of any

law of this State, or seized on any execution or attachment against the goods and chattels of the plaintiff liable to execution or attachment.

The only objection pointed out on the argument in this affidavit is the use of the words "in execution" in the sentence, "that he has not been taken 'in execution' for any tax," &c.

This expression should be disregarded as being surplusage.

The process under which property may be taken for any tax, assessment, or fine, in common parlance, is called execution, though not such in fact.

The court erred in refusing to permit the plaintiff to file an amended affidavit. This is a question of practice, and should be settled. It matters but little how it may be settled, but when once settled the courts should abide it. As a matter of practice this court have settled this question. Frink v. Flanegan, 1 Gilm. 35, 37; Cutler v. Rathbone, 1 Hill, 204, 206; Hawley v. Bates, 19 Wend. 632; Whaling v. Shales, 20 Wend. 673.

Though amendments are usually in the discretion of the court, yet they are not universally so. Drulard v. Baxter et al. 1 Scam. 191; 1 Gilm. 35, 37; 6 E. Ch. R. 288; 3 Gilm. 546; 2 Atk. 15.

BROWNING & BUSHNELL and R. S. BLACKWELL, for appellee.

1. The affidavit in this case was defective. The statute requires that such affidavit should state that the property about to be replevied "has not been taken for any tax, assessment, or fine, levied by virtue of any law of this State; nor seized under any execution or attachment against the goods and chattels of such plaintiffs liable to execution or attachment." Rev. St. 434, § 3.

The affidavit states "that said property has not been taken in execution for any tax, assessment, or fine levied by virtue of any law of this State, nor levied under any execution or attachment against the goods and chattels of said plaintiff liable to execution or attachment."

An execution is never issued to collect a tax or assessment under our laws; the remedy is by distress. The distress is not

Campbell v. Head.

based upon a judgment; but on demand by the collector and refusal by delinquent, the officer is authorized to distrain personal property for the taxes due, and sell the same. Rev. St. 442, § 35.

The horse replevied in this case may have been distrained by the collector for taxes due the State, county, or some incorporated city or town. This should have been negatived by the affidavit.

Suppose the horse had in fact been seized by distress and the plaintiff in replevin was indicted for perjury, could the prosecution be maintained? It is clear that it could not. The affidavit is therefore bad.

2. The defect could not be cured by amendment.

The affidavit of a party was not amendable at common law. 1 Bac. Abr. 145.

The statute of amendment and jeofail does not embrace an affidavit. Rev. St. 48.

Our legislature authorizing amendments of affidavits in attachment, is an implied recognition of the common-law rule disallowing amendments in such cases. Rev. St. 65, § 8.

This court have decided that an affidavit for a continuance is not amendable. McBain v. Enloe, decided at Mount Vernon, November term, 1851, [Ante, 76.] The Court of Appeals in Kentucky have adopted the same rule. Smalley v. Anderson, 4 Monroe's R. 369.

After the opinion of the court has been pronounced declaring the affidavit defective, and the suit is about to be dismissed at the costs of the plaintiff in replevin, and a *retorno habendo* awarded, there is a powerful temptation to perjury if the party is permitted to retain the cause in court by filing a supplemental or an amended affidavit.

3. If amendable, it is matter of discretion in the Circuit Court, and its decision cannot be assigned for error. McBain v. Enloe, before cited.

Upon this point the case of Frink v. Flanegan, 1 Gilm. R. 35, is opposed to the whole current of the decisions of this court. That case was rightfully decided upon the ground that the issue had been joined and the irregularity waived.

11*

The case of Cutler *v.* Rathbone, 1 Hill, 206, was a direct application to amend, and not upon error to reverse a judgment for the refusal of the inferior court to permit an amendment.

The question of discretion was not raised in the argument of Frink *v.* Flanegan, nor was passed upon by the court.

CATON, J.   The affidavit in this case, after setting forth the plaintiff's right to the property, states, " that the said property has not been taken in execution for any tax, assessment, or fine levied by virtue of any law of this State," &c.   This does not conform to the requirements of the statute.   The plaintiff has here sworn that the property had not been taken by virtue of a particular process for any tax, &c., leaving us uninformed as to whether it may not have been distrained for taxes assessed against the defendant without an execution, which may be done under our laws.   It might be true that the property had been distrained for taxes or assessments, and the plaintiff not liable to be prosecuted for perjury for swearing to this affidavit.

The defendant entered a motion to quash the writ for the insufficiency of the affidavit, which motion the court sustained, and quashed the writ, " whereupon the said plaintiff moved to amend by filing the following affidavit," &c..   This application the court denied, and it is this decision which is assigned for error. Had the plaintiff desired to amend his affidavit, he should have applied to the court for leave to do so before the decision was made, and the judgment of the court given upon the defendant's motion to quash the writ.   Strictly speaking, the suit was no longer pending in court, except for the purpose of assessing the damages and for final judgment.   It may be, that while the record was still within the control of the court, it might within its discretion have allowed the amendment and set aside the order quashing the writ, but certainly it was not bound to do so. In the decision of the court refusing leave to amend, there was not error.   Upon the assessment of the damages, the plaintiff offered to prove, in mitigation of damages, that the horse was his; relying upon the Act of the first of March, 1847, entitled " An Act concerning Practice."

That act duly applies to a case where a suit is brought on the

replevin bond, and has no reference whatever to the assessment of damages in the action of replevin. The language of the statute is explicit and unequivocal, and admits of no construction. The damages had to be assessed under the 6th section of the 88th chapter of Revised Statutes, which gives to the defendant " damages for the use of the property from the time it was taken until return thereof shall be made."

It was also objected, that the damages should have been assessed by a jury, instead of the court. This objection is also disposed of by the same section last referred to, which provides, that " if the plaintiff shall not prosecute his suit, or if judgment shall in any manner be given for the defendant without a trial, the damages in such case may be assessed by the court on hearing such testimony as may be offered on the subject." This was one of those cases in which the court was authorized to assess the damages. Nor is this any violation of the right of trial by jury, which is secured by the Constitution. Here was no trial, for there was no issue between the parties to be tried. The right of the defendant to recover his damages was already adjudged to him, and it was merely an inquiry as to the extent of those damages. It was competent for the legislature to provide that these should be ascertained without the intervention of a jury.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*