[No. 2894.   Decided October 10, 1898.]

Bellingham Bay Improvement Company, *Appellant,*
v. City of New Whatcom, *Respondent.*

CONSTITUTIONAL LAW — JUDICIAL POWER — AUTHORITY OF CITY COUNCIL
TO DETERMINE ASSESSMENT MATTERS.

The provision of  Laws 1893, p. 226 (Bal. Code, § 1143),
authorizing a city council to enter a decision determining the
regularity of a reassessment, and providing for an appeal from
such decision, is not unconstitutional as an attempt to confer
judicial powers in violation of art. 4, § 1, of the constitution,
conferring all such powers upon the courts of the state.

Appeal from Superior Court, Whatcom County.—Hon.
Hiram E. Hadley, Judge.   Affirmed.

*Newman & Howard,* for appellant:

Only courts can be vested with judicial power.  *People
ex rel. Kern v. Chase,* 36 L. R. A. 105 ; *Owners of Land*

*v. People,* 113 Ill. 296; *State ex rel. Rockford v. Maynard,* 14 Ill. 421; *Vandercook v. Williams,* 8 N. E. 114; *State ex rel. Hovey v. Noble,* 4 L. R. A. 101 (10 Am. St. Rep. 143); *Van Slyke v. Trempeauleau County Farmer's M. F. I. Co.,* 39 Wis. 390 (20 Am. Rep. 50); *Gregory v. State,* 48 Am. Rep. 162; *Attorney General v. McDonald,* 3 Wis. 805; *Spencer Creek Water Co. v. Vallejo,* 48 Cal. 70; *Whitcomb's Case,* 21 Am. Rep. 502; *In re Cloherty,* 2 Wash. 139.

Courts cannot be divested of constitutional jurisdiction. If the subject matter of determining the regularity, validity and correctness of re-assessments has, by our constitution, been vested originally and exclusively in courts, the effect of holding that these questions cannot be presented in the foreclosure suit for the reason that the same were not presented to the city council, or were presented to and adversely ruled upon by such council, and no appeal was taken therefrom, is to establish the principle that the legislature may divest courts of their constitutional functions, and deprive litigants of the constitutional right of trial by such courts, and to conclude them upon such questions by the decision of a tribunal non-judicial in its nature, and to which the constitution assigns no portion of the judicial power of the state. *Alexander v. Bennett,* 60 N. Y. 206; *People v. Perry,* 21 Pac. 424; *Krieschel v. County Commissioners,* 12 Wash. 439; *State ex rel. Blake v. Morris,* 14 Wash. 262; *Moore v. Perrott,* 2 Wash. 1; *Ferris v. Higley,* 20 Wall. 375 (22 L. ed. 383); *Clayton v. People,* 10 Sup. Ct. 190 (33 L. ed. 455); *McCray v. Baker,* 18 Pac. 749; *People v. Bingham,* 22 Pac. 1039; *Courtwright v. Bear River, etc., Min. Co.,* 30 Cal. 573; *Wilson v. Roach,* 4 Cal. 362; *State ex rel. Crow v. Vallins,* 41 S. W. 887; *Commonwealth v. Hunter,* 41 S. W. 284; *Ferry v. King County,* 2 Wash. 337; *Leach v. State,* 36 S. W. 471.

*T. E. Cade, Kerr & McCord,* and *D. W. Freeman,* for respondent:

We maintain that the city council, in creating an assessment district and imposing upon the property benefited the burden of the cost of public improvements, does not exercise the functions of a court, as courts are contemplated by the provision of the constitution providing for a system of courts in this state. Judicial power is the power conferred upon courts in the strict sense of that term; courts that comprise one of the great departments of the government; and not power judicial in its nature, or quasi judicial, invested from time to time in individuals, separately or collectively, for a particular purpose and limited time. *The Express,* 1 Blatch. 365; *Gilbert v. Priest,* 65 Barb. 444; *Belcher v. Farrar,* 90 Mass. 325; *Cleveland, etc., Ry. Co. v. Backus,* 33 N. E. 421; *State v. Hathaway,* 21 S. W. 1081; *Wilkins v. State,* 16 N. E. 192; *United States v. Ferreira,* 13 How. 52 (14 L. ed. 40); *Murray's Lessee v. Hoboken Land & Imp. Co.,* 18 How. 272 (15 L. ed. 372); *Anderson v. Baker,* 98 Ind. 589.

The opinion of the court was delivered by

DUNBAR, J.—This was a proceeding originally instituted before the city council of the city of New Whatcom, for the purpose of re-assessing property claimed to have been benefited by an alleged improvement. The appellant appeared and filed objections to the proposed re-assessment in so far as the same affected its property. The objections were overruled and appeal was taken to the superior court, the judgment there being in favor of the re-assessment. From such judgment an appeal is taken to this court. It is the first and main contention of the appellant that this case should be dismissed, and a motion is made, in accordance with that contention, to reverse the

decision of the council and decree of the superior court
and to dismiss this appeal; and it is claimed that that
portion of the re-assessment act (Laws 1893, p. 226, Bal.
Code, §§ 1139-1149), which provides that the council
shall enter a decision determining the regularity, validity
and correctness of the assessment, and which provides for
an appeal to the superior court from the decision of the
council, and which further provides for an appeal from
the superior court to this court, is unconstitutional and
void; that the council of the city of New Whatcom had no
jurisdiction to determine the regularity, validity and cor-
rectness of the re-assessment; that the superior court ob-
tained no jurisdiction on appeal of the subject matter em-
braced in this appeal; and that this court has no jurisdic-
tion of the subject matter of this appeal except to reverse
the decision of the council and the decree of the superior
court, and to dismiss the appeal without prejudice to
either party.   The contention, in substance, is that the re-
assessment act attempts to confer judicial powers upon
the city council, and is therefore void and unconstitu-
tional, for the reason that the constitution of the state, in
§ 1 of article 4, provides that the judicial power of the
state shall be vested in a supreme court, superior court,
justices of the peace and such inferior courts as the legis-
lature may provide.   It is contended that the city council
is not a court, within the contemplation of the constitu-
tion, and that it cannot be clothed by the legislature with
judicial powers, and that the powers prescribed by the
statute just referred to are purely judicial.   Upon the
submission of this case, we were *prima facie* of the im-
pression that the position urged by counsel in this par-
ticular was untenable; and after a painstaking investiga-
tion of the able briefs filed in the case and of the authori-
ties cited, that impression has developed into a conviction.

In fact, an examination of the authorities cited by appellant convinces us that the position taken by appellant cannot be sustained.    Section 5 (Bal. Code, § 1143) of the act in question has been construed by this court in various cases, and especially in the case of *Tumwater v. Pix,* 18 Wash. 153 (51 Pac. 354), and in the case of *Northwestern & Pacific Hypotheek Bank v. Spokane,* 18 Wash. 456 (51 Pac. 1070), where it was held that the council had jurisdiction of the subject matter and was clothed with power to arrive at a correct determination, and that parties must make their objections seasonably before that tribunal before they could be heard to complain on appeal. We think it is the evident intention of this law that the expression "final determination," used in § 5, applies only to parties who have not appeared and contested the regularity, validity and correctness of the re-assessment before the council. Any other construction would render senseless the subsequent provisions in relation to appeals. However, this probably would not affect in principle the contention of the appellant, for, if his contention is correct that judicial powers have been conferred upon the council in opposition to the mandates of the constitution, it would make no difference whether those powers were exercised conclusively, or whether they could be reviewed on appeal.    It has been common for courts to use expressions to the effect that judicial powers could not be conferred upon bodies other than courts under constitutions with provisions similar to ours; but the term "judicial powers" has not, by the constitution, been defined, nor do we think it is susceptible of any specific definition. Section 1 of article 4 of the constitution evidently means that the judicial power of the state which is exercised by courts shall be vested in the supreme and superior courts and justices of the peace and such inferior courts as the legis-

lature may provide. It is more in the nature of a declaration of the names of courts than it is of a definition of judicial power; and this article of the constitution must have been enacted with the knowledge that quasi judicial powers have from time immemorial been conferred upon administrative bodies and officers, such as assessors, boards of county commissioners, boards of equalization, auditors, and even sheriffs, who frequently have to decide as to the value of property in cases of exemptions and in other respects. Again, there is a distinction, which the courts have observed, between judicial investigation and decisions concerning the relative rights of individuals and the rights of individuals and the public. As was said by the court in *De Camp v. Archibald,* 50 Ohio St. 618 (35 N. E. 1056, 40 Am. St. Rep. 692):

" The term 'judicial power,' as used in the constitution, is not capable of a precise definition. It is included in the power to hear and determine, but does not exhaust the power. That it embraces the hearing and determination of all suits and actions, whether public or private, there can be no doubt. But we think that it is equally clear that it does not necessarily include the power to hear and determine a matter that is not in the nature of a suit or action between parties. Power to hear and determine matters more or less directly affecting public and private rights is conferred upon, and exercised by, administrative and executive officers. But this has not been held to affect the validity of statutes by which such powers are conferred. . . . The term 'judicial power' has never been taken with such latitude of construction in the usages and customs of our American commonwealths, and to so extend the jurisdiction of the courts would lead to the most embarrassing results, with little or no compensation whatever."

It can readily be understood that if all quasi judicial power or discretion were taken from administrative or executive officers, and every question of this kind, how-

ever small its importance might be, had to be submitted
to a law trial, the courts would be incumbered with useless
litigation, and the administration of the government
would become so expensive that it would be intolerable.
In the case just referred to, the court held that a statute
empowering a notary public to commit a witness to the
jail of the county for refusing to answer a question was
not a judicial act, in the sense of the constitution, con-
ferring all judicial power upon the courts of the state.
To the same effect is *Cleveland, C. C. & St. L. Ry. Co. v.
Backus,* 133 Ind. 513 (33 N. E. 421). It was held by
the supreme court of Indiana in *Wilkins v. State,* 113
Ind. 514 (16 N. E. 192), that an act appointing a board
of examiners to examine persons entering upon the prac-
tice of dentistry, and to pass upon their qualifications, did
not confer judicial power, within the meaning of the con-
stitution, for the reason that the constitution had refer-
ence to strictly judicial powers, such as were exercised by
courts and judges.

" The objection," says the court, "that the act invests
the board of examiners with judicial functions is fully
answered by the cases of *Elmore v. Overton,* 104 Ind. 548
(4 N. E. 197, 54 Am. Rep. 343) ; *Eastman v. State,
supra* (10 N. E. 97), and the cases there cited. If the
appellant were correct in his assumption, then every
school examiner who examines an applicant for license,
every clerk who accepts and acts upon an affidavit, every
auditor who accepts an abstract of title when he loans
school funds, and every officer who approves a report,
would exercise judicial functions. That they do, in some
degree, act judicially, is true, and so does every officer,
from the governor to constable, who is invested with dis-
cretionary powers; for the governor, when he issues a
requisition for a fugitive from justice, decides many
things, and the constable, when he executes a writ or a
warrant, exercises a discretion; but no one of these offi-

cers exercises judicial judgment in the sense that a court or judge does. These officers, one and all, are ministerial officers, and not judges or courts; and the judicial functions meant by the constitution are such only as courts or judges exercise."

In *Gilbert v. Board of Police and Fire Com'rs,* 11 Utah, 378 (40 Pac. 264), it was held that the act which required the board to prefer charges, give accused a hearing, examine witnesses, and decide the question on evidence, was not violative of the organic act, which provided that the judicial power should be vested in the supreme, district and probate courts, and in justices of the peace. In discussing this proposition the court said:

" The words 'judicial powers,' when applied to such courts, mean the authority vested in the judges. Bouvier. In this sense these words are used in the organic act, and nowhere is there any provision in said act which prohibits the legislature from creating a ministerial board, and requiring of it the performance of judicial acts as incidental to its ministerial capacity. While such boards are essentially ministerial, and may be, to a certain extent, legislative bodies, still they may be, and frequently are, endowed with *quasi* judicial power to proceed in a summary way, and out of the course of the common law. A city council is such a body, and so likewise is a board of county commissioners, or county court, as denominated in this territory; and yet no one has pretended to question the power of such a body in such a proceeding, as being inconsistent with the organic act."

It is asserted by the appellant in its reply brief that these cases are not in point; but we think they are exactly in point, and unquestionably sustain the validity of laws of the character of the one assailed in this case. Nor do we think that the cases cited by appellant intend to enunciate any different principle. For instance, the case largely relied upon by appellant, viz., *People ex rel. Kern*

*v. Chase,* 36 L. R. A. 105 (46 N. E. 454), while it holds the provisions of the "Torrens Law," which provides for an examination by the recorder of deeds or registrar of titles of the facts in relation to the title to land, and confers great discretion and jurisdiction upon the recorder, unconstitutional, plainly distinguishes the principles involved in that act from the statute in question, the court in its conclusion saying:

" We are not unmindful of the well-settled rule that there are many cases in which ministerial officers exercise quasi-judicial powers or discretions, and yet the laws conferring such powers are held to be no violation of the constitutional provision under consideration. These cases are referred to and commented upon in *Owners of Lands v. People, Stookey, supra,* but what we have already said sufficiently distinguishes the powers conferred upon the registrar by this act from all such cases."

*Owners of Lands v. People, Stookey,* referred to by the court just mentioned, is reported in 113 Ill. 309, where it was held that the drainage act, which gave an appeal from the drainage commissioners' orders by any person interested who was dissatisfied, to the county surveyor, county treasurer and sheriff, who were to constitute an appeal board and hear and decide all appeals, was not unconstitutional, as conferring judicial powers upon a non-judicial body. In discussing the question of judicial powers, the court quotes from Cooley on Torts, p. 375, where that author says:

" Official duties are supposed to be susceptible of classification under the three heads of legislative, executive and judicial, corresponding to the three departments of government bearing the same designations; but the classification cannot be very exact, and there are many officers whose duties cannot properly, or, at least, exclusively, be arranged under either of these heads. A single case may suffice as an illustration. The officers chosen to levy

and apportion taxes for the inferior municipal sub-divisions of the state are, in some cases, authorized: 1, to determine what taxes shall be levied within the municipality for the year; 2, to value the property which is to be assessed for these taxes; 3, to apportion the taxes as between the several items of property assessed; and 4, to receive from their superior officers the statements of taxes to be assessed for more general purposes, and to apportion these in the same way. The first of these duties partakes of the legislative, the second of the judicial, the third and fourth of the executive; but, in strictness, none of them can be classed as belonging specially to either department of the government, and the officers who perform them are usually designated administrative officers."         ,

In this opinion is cited *People v. Percells,* 3 Gilm. 59, and *Hawthorne v. People,* 109 Ill. 302 (50 Am. Rep. 610), where it was held that statutes conferring power upon clerks of courts to judge of the sufficiency of bonds did not confer judicial power, within the meaning of this article of the constitution, notwithstanding the acts to be performed required the exercise of judgment and discretion, and were in their nature, therefore, judicial; also, *Campbell v. Head,* 13 Ill. 122, where it was held that the assessment of damages by the court, under the sixth section of the "Replevin Act" then in force, and *Ross v. Irving,* 14 Ill. 171, that the assessment of damages by commissioners under the "Occupying Claimant's Law," were not judicial acts; *Nealy v. Brown,* 1 Gilm. 10, where the laying out and opening of roads by county commissioners was held not to be an exercise of judicial powers; and *Rowe v. Bowen,* 28 Ill. 116, where it was held that the trial of the rights of property before a sheriff and jury was not a judicial proceeding; and many other cases of like import. And as these cases, many of them, construed statutes that conferred powers which involved as much, or more, discretion than is granted by the statute

in question, and as the doctrine announced in them was indorsed by the court in *People ex rel. Kern v. Chase, supra,* and as they were distinguished from the case there decided, that case, instead of being an authority for appellant's contention, is really an authority in favor of the validity of the statute. It is a general proposition, which courts all adhere to, that laws will be sustained unless some special provision of the constitution is contravened. We think all the cases cited by the appellant, without further specially noticing them, can be plainly distinguished from the case at bar. In addition to these authorities, the taxing power of the state is vested absolutely in the legislature, and the mode of procedure governing the collection of taxes is within its discretion, in the absence of constitutional restriction; but our constitution, instead of restricting the powers of the legislature, in § 9 of article 7 has specially conferred upon it the power to vest the corporate authorities of cities, towns and villages with the power to make local improvements by special assessment or by special taxation of property benefited, and provides that, for all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes. We think that it is evident that the legislature acted within the scope of the constitution in the enactment of the statute, and we therefore decide that the act is valid.

Many other assignments of error are made by the appellant, and we have examined laboriously the lengthy record that is presented here of the trial in the court below, and, without specially reviewing each assignment, we are satisfied that the findings of the court in every respect were based upon the weight of testimony, and that no substantial error was committed by the court in the admission or rejection of testimony.

On the main contention, in relation to the rejection of certain portions of the record, without the admission of it all, we think that the court committed no error. The court was entitled, under the circumstances as shown by the record in this case, to the whole of the record upon which the appeal from the council was brought. The act, then, being sustained, and the appellant having had a fair trial in the court below, the assessment must be paid.

The judgment is therefore affirmed.

GORDON, ANDERS and REAVIS, JJ., concur.