## KING *et al.* v. KING.

No. 3453. Opinion Filed June 23, 1914.

(141 Pac. 788.)

1. **APPEAL AND ERROR**—Discretionary Ruling—Pleading after Default. The question of permitting a defendant to plead after default is discretionary with the trial court, and its action will not be reversed, unless it appears that such discretion has been abused to the injury of the party complaining.

2. **TRIAL**—Time for Trial—Postponement. Where objection is made to a trial on the ground that the issues had not been made up for a period of ten days, as provided by section 5834, Comp.

Laws 1909 (Rev. Laws 1910, sec. 5043), and the record shows that the petition was filed May 13, 1911, the answer filed June 12, 1911, the reply filed July 31, 1911, and the trial had October 6, 1911, held that the filing of a motion to strike the reply on the ground that the same was filed out of time does not postpone the time at which the action is triable under the statutes.

3. SAME. When the issues are once made up, by the filing of pleadings, or by the failure to file them, the case under section 5834, supra, is triable at any time more than ten days thereafter.

4. CONTINUANCE—Absent Testimony—Diligence to Procure. No error is committed by a court in overruling an application for a continuance which does not show that diligence has been exercised in endeavoring to procure the absent testimony.

5. APPEAL AND ERROR—Assignment of Error—Presentation. . An assignment of error which is not argued or supported by authorities, as provided by rule 25 (38 Okla. x, 137 Pac. xi)· of this court will not be considered.

6. REPLEVIN—Pleading—What Constitutes. Where, in an action of replevin, a petition has been filed praying for nine head of mules, and the affidavit, order, and redelivery bond describe only five head of mules, the affidavit, order, and redelivery bond forming no part of the pleading, the cause is properly tried upon the averments contained in the petition.

7. CHATTEL MORTGAGES—Action for Possession of Property—Judgment. In an action to recover possession of personal property under a chattel mortgage, the judgment for plaintiff should be for the possession of such property, or the value thereof in case a delivery cannot be made, not to exceed the amount due on the note and mortgage, together with damages for the detention thereof.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by Mrs. Ardie King, administratrix, against G. L. King and W. C. King. Judgment for plaintiff, and defendants bring error. Affirmed as modified.

*Bond & Melton,* for plaintiffs in error.

*F. E. Riddle,* for defendant in error.

Opinion by RITTENHOUSE, C. The record·in this case shows that the reply was filed out of time and without permission of the court. About two months after the reply was filed the

defendants moved to strike the same for the reason that said reply was filed out of time, which motion was by the court overruled. It was proper to attack the filing of this pleading by a motion to strike, yet it was within the discretion of the court, under section 5646, Comp. Laws 1909 (Rev. Laws 1910, sec. 4757), to allow the reply to be filed out of time, and its action will not be reversed where there is no showing that such discretion has been abused. *Hagar v. Wikoff,* 2 Okla. 580, 39 Pac. 281; *Long v. Harris,* 37 Okla. 472, 132 Pac. 473. The overruling of the motion to strike will be deemed a consent by the trial court to the filing of such reply out of time.

The next question is whether the action was at issue ten days before trial, as provided by section 5834, Comp. Laws 1909 (Rev. Laws 1910, sec. 5043). The petition was filed May 13, 1911, the answer was filed June 12, 1911, the reply was filed July 31, 1911, and trial was had October 6, 1911. This clearly shows that the cause was at issue three months before the date of trial, and therefore comes within the case of *Chicago, Rock Island & Pacific Railway Co. v. Pitchford,* not yet officially reported, wherein the court held:

"It is not the purpose of the statute, nor the policy of the courts, to delay the trial of actions for a greater length of time than such as is provided for making up the issues, and to prepare for trial. The issues of fact, then, had been made up from December 1, 1910, when defendant filed its answer. The filing out of time of plaintiff's motion to make more definite and certain the second paragraph of defendant's answer did not serve to postpone the time at which the action was triable under the statute. When the issues are once made up by the filing of pleadings, or the failure to file them, the case under section 5834, *supra,* is triable at any time more than ten days thereafter."

This case is not in conflict with *City of Ardmore v. Orr,* 35 Okla. 305, 129 Pac. 867; *Conwill v. Eldridge,* 35 Okla. 537, 130 Pac. 912; or *Title Guarantee & Trust Co. v. Turnbull,* 40 Okla. 294, 137 Pac. 1178.

Did the court abuse its discretion in overruling the motion for a continuance on the ground of absence of witnesses? The

defendants were granted a continuance on the 19th day of September, 1911, on account of the sickness of defendant W. C. King, and with the understanding that if the said W. C. King should recover and be able to attend the trial of said cause, it might be tried at some date during the term. Said cause was finally set for trial on October 6, 1911, at which time an affidavit for a continuance was filed on the ground of the absence of witnesses Lon Chadwick and J. E. Lucas, and in which defendants allege that they could not procure the attendance of said witnesses on account of the absence of the defendant G. L. King. The affidavit shows that G. L. King left Chickasha September 21, 1911, three days after the cause was continued on account of the sickness of W. C. King, his codefendant, and knew at said time that the case was continued indefinitely to be reset during the same term of court. The affidavit further shows that W. C. King had recovered sufficiently from his illness to go in search of G. L. King on the 4th day of October, 1911. This affidavit for a continuance was properly overruled, as the defendants failed to show diligence, as required by section 5836, Comp. Laws 1909 (Rev. Laws 1910, sec. 5045). It was the duty of G. L. King to keep in touch with the proceedings of the court, and when he found it necessary to leave within three days after his case was continued, and remained away for over ten days, knowing the case was to be reset at the same term of court, he cannot be heard to say that the court abused its discretion in refusing a further continuance. *Swope & Son v. Burnham, Hanna, Munger & Co.,* 6 Okla. 737, 52 Pac. 924; *Taylor Kirk v. Territory of Oklahoma,* 10 Okla. 46, 60 Pac. 797; *Crutchfield v. Martin,* 27 Okla. 764, 117 Pac. 194; *Terrapin v. Barker,* 26 Okla. 93, 109 Pac. 931; *Standifer v. Sullivan,* 30 Okla. 365, 120 Pac. 624.

The next assignment of error is that:

"The court erred in overruling the objection of the defendants to the jury selected to try said cause."

There is no objection in the record, challenging the selection of this jury, nor have the defendants argued or cited authorities in support of this assignment of error, as provided by rule 25 of this court (38 Okla. x, 137 Pac. xi).

The final assignment of error is:

"That the court erred in rendering judgment on the verdict of the jury, for the reason that the verdict was excessive and not supported by the instructions of the court or by the evidence offered."

The petition describes nine head of mules, and the affidavit, order, and redelivery bond described five head of mules, but the affidavit, order, and redelivery bond are no part of the pleadings; the trial court properly submitted the cause upon the averments contained in the petition. *First National Bank of Pond Creek v. Cochran,* 17 Okla. 538, 87 Pac. 855; *Jantzen v. Emanuel German Baptist Church,* 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659; *Hoisington v. Armstrong,* 22 Kan. 111; *Ward v. Masterson,* 10 Kan. 77.

The next contention under this assignment of error is that the verdict is excessive. We do not think that it is, but the judgment based on the verdict is excessive, in that a judgment in replevin should only be for the possession of the property, or the value of same in case a delivery cannot be had, not to exceed the amount due on the note and mortgage, together with damages for the detention thereof and costs. In this case the judgment was rendered for $894.39, with interest from October 6, 1911, at 10 per cent. per annum, and the judgment declared a lien upon the property involved, the mortgage foreclosed, and provided that in the event the property could not be had the plaintiff recover in lieu of said property the value thereof, as found by the verdict of the jury, which value was found by the jury to be $1,475. This judgment is erroneous in that: (1) A judgment on a note could not be rendered in a replevin suit, the only issue being the right of possession, based upon the finding of the jury as to the special interest of the plaintiff, and in case a return of the property could not be had, a finding of such special interest, not to exceed in any case the amount found to be due on the note and mortgage; and (2) the judgment should not be for a foreclosure of the mortgage lien, as the action as instituted is not a foreclosure, but one of replevin, under the statutes; and (3) the judgment in the alternative is excessive, in

that it gives to plaintiff a judgment for the value of the property in the sum of $1,475, and the jury found that the special interest of the plaintiff under the note and mortgage was $894.39. *Chandler v. Colcord,* 1 Okla. 260, 32 Pac. 330; *Shahan v. Smith,* 38 Kan. 474, 16 Pac. 749; *Russell v. Butterfield,* 21 Wend. (N. Y.) 300; *Fowler v. Hoffman,* 31 Mich. 215. These provisions contained in the judgment are erroneous, but not sufficiently erroneous to require a new trial, as the error can be remedied by a modification of the judgment. The judgment is therefore set aside and vacated, and judgment is now rendered upon the verdict of the jury, and it is now ordered and adjudged that at the commencement of this action the plaintiff was entitled to the immediate possession of the nine head of mules described in plaintiff's petition and in the verdict, and that the defendants wrongfully detained the same, and it is hereby ordered and adjudged that the defendants deliver to plaintiff the said nine head of mules described in the verdict, and that in case a return cannot be had the plaintiff have and recover of and from the defendants the sum of $894.39, the value of plaintiff's special interest in said property, and for costs of suit.

This cause should therefore be affirmed as modified.

By the Court: It is so ordered.