## UNIVERSAL SUPPLY & MACHINERY CO. v. CONSTRUCTION MACHINERY CO.

No. 21415.   Opinion Filed Dec. 6, 1932.

E. F. Caldwell, for plaintiff in error.

Yancey, Spillers & Fist, for defendant in error.

RILEY, J.   This is an action in replevin commenced in the court of common pleas of Tulsa county to recover the possession of five plaster-mixing machines.   There is no serious objection as to the correctness of the judgment except as to one of the machines in question.   The record discloses mistakes on the part of counsel, the sheriff, and the trial court.   It is these mistakes and the correction, or attempted correction, thereof out of which the questions presented arise.

The petition was defective in that it did not allege the separate value of each machine and did not allege that they were in the possession of the defendant at the time the action was commenced.

The affidavit in replevin was defective in that it did not allege that the property was wrongfully detained by defendant as required by subdivision 3, section 327, C. O. S. 1921 [O. S. 1931, sec. 783].

Writ of replevin was issued for all five of the machines.   The return of the sheriff shows that he served the writ, took possession of all the property therein described and held the same for 24 hours, and upon failure of defendant to give a redelivery bond he turned same over to plaintiff, when in truth he found only four of the machines and delivered but four to the plaintiff. The value of the machine not delivered to plaintiff was stated in the original affidavit of replevin to be $200.   Defendant thereafter filed what it termed "An Answer Confessing Judgment," which purported to be upon warrant of attorney.   Therein defendant admitted, in substance, that plaintiff was entitled to possession of all machines, but alleged that defendant did not have possession of the one valued at $200, but, recognizing defendant's liability therefor, it admitted the value as stated in the affidavit of replevin and confessed, or offered to confess, judgment for such value and deposited with the clerk the said sum of $200, together with all costs of the case accrued to that date.

Plaintiff then, without notice to defendant, asked and obtained leave to amend its affidavit in replevin wherein the value of the machine not delivered was raised from $200 to $900, and the value of the others was reduced, in the aggregate, a corresponding amount.

Thereafter defendant filed its motion to strike said amended affidavit in replevin on

the ground that it had no notice of the filing of the same; that it was filed after the goods had been delivered to plaintiff and after defendant had confessed judgment and deposited with the clerk the value of the machine not delivered, and all costs.

On the same day, the court, in the absence of defendant, entered its judgment in favor of plaintiff for the possession of all the machines which had been delivered to it, and found the value of the one not delivered to be $900, and entered judgment for the possession thereof, or its value, fixed at $900. The judgment purported to be upon the warrant of attorney and confession of judgment admitting that the plaintiff was entitled to recover possession of all the machines.

Thereafter, on motion of defendant, this judgment was set aside, as shown by the minutes of the court clerk, although there was no journal entry signed by the trial judge. The motion to set aside the judgment also contained a request that the court enter judgment for plaintiff in accord with the defendant's "Answer and Confession of Judgment" theretofore filed, that is, for the sum of $200 in lieu of the machine not delivered. The request was denied upon the ground that plaintiff had filed the amended affidavit after the answer had been filed. Thereupon plaintiff asked and obtained leave to amend its petition to conform to the affidavit or amended affidavit in replevin. The order allowing the amendment to the petition gave plaintiff five days in which to make such amendment and defendant was given five days thereafter to plead or ten days to answer. The motion to strike the amended affidavit in replevin was denied. Plaintiff did not amend its petition within the five days given, but filed the amended petition, without further leave of court, 13 days after the order was made allowing the amendment. Thereupon defendant filed its motion to strike the amended petition because it was filed out of time and without leave of court. This motion was presented to the court with both parties present, and denied, and defendant was again given five days to plead or ten days to answer. Within the five days defendant filed its demurrer to the amended petition. Thereafter the demurrer was presented with both parties present, and overruled. Defendant then announced in open court that it would stand upon the demurrer and refuse to plead further. Thereupon plaintiff asked leave to introduce evidence of the value of the property. Defendant objected. Its objection was overruled, and evidence was presented by plaintiff showing the value of the machine involved to be $900. Defendant moved that the evidence be stricken, and this motion was overruled. Thereupon the court entered judgment for plaintiff without finding the value of the machine. The judgment is:

"Whereupon, the court ordered, adjudged, and decreed that the plaintiff have and recover from said defendant the possession of the property or its value in case possession cannot be had; to which ruling of the court, defendant excepts, and its exceptions were duly noted of record."

From this judgment defendant appeals.

Plaintiff in error first contends that the court erred in refusing to enter judgment as, and in the amount, which defendant offered to confess judgment.

There was no error in this, for the reason that section 673, C. O. S. 1921 [O. S. 1931, sec. 406], provides that persons "indebted or against whom a cause of action exists may, * * * with the assent of the creditor or person having such cause of action, confess judgment therefor." In this case the assent of the plaintiff was not obtained. Defendant also failed to comply with section 676, C. O. S. 1921 [O. S. 1931, sec. 409], by filing the affidavit there required. Harn v. Cold, 20 Okla. 553, 95 P. 415.

The next contention is that the court erred in permitting plaintiff to amend its affidavit in replevin after the writ had been served and defendant had filed its so-called answer and confession of judgment.

We have just said the pretended confession of judgment was insufficient. No judgment had in fact been rendered at the time the court allowed the amendment of the affidavit. That an affidavit for an order or writ of delivery in a replevin action is amendable as other pleadings, process, or proceedings, is well established.

In 54 C. J. 477, paragraph 114, it is said:

"An amendment to the affidavit may be made after issuance and execution of the order of delivery, when the particular objection is raised, especially when the objection is not timely, or even after the objection is presented. It may be allowed while the issues formed by the pleadings are being tried before a referee or at any time before trial, or on the trial, where such amendment will be in furtherance of justice; but the application to amend should be made before the cause is dismissed or a motion to quash is sustained."

In one case, Campbell v. Head, 13 Ill. 122.

it appears to have been held that while the record is still within the control of the court, it may, in its discretion, after an order had been made quashing the writ, allow the amendment, and set aside the order quashing the writ.

It is next contended that the trial court erred in denying the motion of the defendant to strike the amended petition for not having been filed within the time allowed by the court. This contention is without merit. The matter of allowing amendments to pleadings is largely within the discretion of the court.

Section 318, C. O. S. 1921 [O. S. 1931, sec. 251], provides that the court may, before or after judgment, amend any pleading, process, or proceeding.

In an early case, Oklahoma City v. Welch, 3 Okla. 288, 41 P. 598, it is said that ordinarily the allowance of an amendment raising plaintiff's claim for damages from $500 to $1,500 would not be grounds for reversal.

It is finally contended that the court erred in rendering its judgment for possession of the property or its value without fixing or stating the value thereof. In this contention we think there is merit, particularly as to the machine which was not delivered to plaintiff by the sheriff. As to the four other machines, which were delivered, there is no merit. Plaintiff had possession of them at the time the judgment was rendered. There was no occasion for an alternative judgment as to these four machines, but as to the other machine, which was not delivered, a different question is presented. Under most statutes, and particularly ours, where the the effect of the verdict or judgment is to change the possession of the property from one party to the other, as where the property has not been delivered to plaintiff and the verdict is in his favor, or where the property has been delivered to plaintiff, and the verdict is for the defendant for its return, there must be a finding of the value of the property. 54 C. J. 580. It was so held in Chandler v. Colcord, 1 Okla. 260, 32 P. 330. See, also, Ward v. Richards, 28 Okla. 629, 115 P. 791; King v. King, 42 Okla. 405, 141 P. 788.

In Armour v. Seixas, 80 Wash. 181, 141 P. 308, it was in effect held that a finding of value is essential to sustain an alternative judgment where the cause is tried to the court as well as where it is tried to a jury.

The judgment is also irregular for the reason that it did not fix the amount to be recovered in case return of the machine could not be had. The court having failed to find the value of the property, there was nothing upon which to base a judgment for a sum certain in case the property could not be delivered.

Plaintiff in error also asserts error in the overruling of its demurrer to the amended petition, but as this question is not presented in the brief, it will be treated as abandoned.

The errors pointed out require a reversal of the judgment, but not necessarily a new trial notwithstanding the many mistakes made by the counsel, the sheriff, and the trial court; the judgment finally rendered was correct except as herein pointed out. There was evidence before the court upon which to base a finding of value. The defendant objected to the judgment as rendered and objected to the court hearing evidence as to value, although it had announced the date certain on its demurrer to the petition. There was no error in allowing plaintiff to present evidence of value under the amended petition after the demurrer thereto was overruled. There was no error in allowing the amendment to the petition as of the date it was filed, for such in effect was the order of the court allowing the amendment, although he used the words "nunc pro tunc."

The judgment is hereby reversed, and the cause is remanded, with directions to the trial court to make a finding of value as to the machine not delivered to plaintiff and to enter a judgment for plaintiff for the possession of said machine, or in case possession cannot be had, for its value in the definite sum as found by the court under the evidence already before it.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.