**MORLEY et al. v. BOWLINE et al.**

No. 24614. April 2, 1935.

Rehearing Denied May 7, 1935.

Ralsa F. Morley and I. H. Cox, for plaintiffs in error.

Z. I. J. Holt, Hughey Baker, and E. M. Lee, for defendants in error.

PER CURIAM. This is an action in replevin, commenced in the justice court of district No. 7, Tulsa county, Okla., for the recovery of possession of ten cows, or the value thereof in lieu thereof. The case was appealed to the court of common pleas of Tulsa county, Okla., and the matter comes to this court on appeal from the court of common pleas of Tulsa county upon petition in error and transcript of record.

Jury in the lower court rendered the following verdict:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths find the issues for the plaintiff for the possession of the following described property, to wit:

"10 head of cattle, or in lieu of possession thereof its value in the sum of $——."

Upon this verdict of the jury, the trial court entered judgment as follows:

"This cause coming on to be heard on this 21st day of October, 1932, the plaintiff appearing in person and by his attorney, Hughey Baker, and the defendants appearing in person and by their attorney, I. H. Cox, and the intervener, the Arkansas Valley State Bank, appearing by its attorney, Z. I. J. Holt; and this cause came on for trial in its regular order before a jury of twelve good men, who being duly impaneled and sworn well and truly to try the issues joined between plaintiff and defendants, and the intervener, and a true verdict rendered according to the evidence, and having heard the evidence, the charges of the court and the argument of counsel upon their oath say: 'We, the jury, impaneled and sworn in the above-entitled cause, do upon oaths find the issues for the plaintiff for the possession of the following described property, to wit, ten head of cattle, or in lieu of possession thereof its value in the sum of $——.'

"It is therefore considered, ordered, and adjudged by the court that the said plaintiff have and recover from and of the said defendants the possession of ten head of cattle as described in plaintiff's bill of particulars, or the value thereof, together with all the costs of this action, for which let execution issue."

Four specifications in error are listed by the appellants, but the briefs and arguments of all parties to the action center around these two questions:

(1) Was the verdict of the jury sufficient?

(2) Did the trial court err in rendering judgment in favor of the plaintiff for possession of the property involved, or the value thereof?

Since the verdict of the jury and the judgment of the court are the matters involved herein, we look to section 791, Okla. Stats. 1931, and the decisions construing such statutes for guidance. Section 791, Okla. Stats. 1931, reads as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

This identical statute, word for word, has been on the statute books of Oklahoma Territory and the state of Oklahoma ever since Oklahoma Territory was organized, and has been construed by this court on several occasions.

Was the verdict of the jury sufficient? The appellants contend that the question must be answered in the negative, while the appellees contend that the question must be answered in the affirmative. As heretofore stated, this appeal is before this court upon petition in error and transcript of the record; the motion for new trial and order thereon are not a part of the record under the uniform holdings of this court, unless made so by bill of exceptions. Menten v. Shuttee, 11 Okla. 381, 67 P. 478; Brigham v. Davis, 126 Okla. 90, 258 P. 740; Richardson v. Beidleman et al., 33 Okla. 463, 126 P. 818; Davis et al. v. DeGeer et al., 91 Okla. 111, 216 P. 156, and cases cited therein.

There is nothing in the record that discloses that the verdict of the jury is not sufficient. It is true that a finding of value is essential to a judgment in replevin for the delivery of property or its value, where judgment changes possession. (Universal Supply & Machinery Co. v. Construction Machinery Co., 160 Okla. 209, 16 P. (2d) 865; Chandler v. Colcord, 1 Okla. 260, 32 P. 330), but nothing appears in the record before the court to show that the verdict of the jury changes possession of the property involved.

Alternative judgment is not essential to judgment in replevin. Mitchell v. Dadas, 167 Okla. 390, 30 P. (2d) 179; Ward v. Richards, 28 Okla. 629, 115 P. 791. The verdict

of the jury in the case of Ward v. Richards was identical in form with the verdict of the jury in the instant case, and such verdict was approved by this court. Certain language contained in the body of the opinion in the case of Ward v. Richards is in general as follows, and is applicable to the case at bar:

"There is nothing in the record that indicates that the appellants required that the jury fix the value of the property, before it was discharged; if error was committed in not finding the value of the property, that was against the appellee, and he is not complaining here."

Since we find nothing in the record that makes the verdict of the jury insufficient, we must conclude that such verdict is sufficient.

Did the trial court err in rendering judgment in favor of the plaintiff for the possession of the property involved, or the value thereof? We find nothing in the record on which the trial court could base a judgment in the alternative, but, as heretofore stated, we find nothing in the record that requires a judgment in the alternative in this case. In the event an alternative judgment were required herein, the judgment rendered would be insufficient and defective, for the reason that no definite value of the property was fixed in the judgment. Universal Supply & Machinery Co. v. Construction Machinery Co., 160 Okla. 209, 16 P. (2d) 865. The provision contained in the judgment of the trial court concerning the value of the property was erroneous, but not sufficiently erroneous to require a new trial, as the error can be remedied by a modification of the judgment.

The judgment of the trial court for possession of the property is affirmed; the attempted alternative judgment for value of the property is vacated.

The Supreme Court acknowledges the aid of Attorneys Ray Evans, G. E. McKinnis, Jr., and F. H. Reily in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Evans and approved by Mr. McKinnis, Jr., and Mr. Reily, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.