## RUCKER et al. v. CAMPBELL.

No. 25579. May 28, 1935.

Hoyt & Stephens, for plaintiffs in error.

G. H. Giddings, Sr., and T. Jack Tellegen, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, in an action in replevin.

Wallace Campbell commenced this action in the district court of Oklahoma county. It was afterwards transferred to the court of common pleas, where it was tried. The plaintiff sought recovery of the possession of an automobile.

The petition and affidavit in replevin stated the value of the automobile as $505.32.

The defendants named in the petition were Bob Rucker, Otis Garrett, Gulf Production Company, J. B. Disney, and Flora Disney. Mrs. Bob Rucker was afterwards made a party defendant by order of the court.

A writ of replevin was issued and placed in the hands of the sheriff for service. The return shows that it was received on the 16th day of June, 1932, and served by taking possession of the property therein described on June 17, 1932, at 10:30 a. m., and then recites: "There being a redelivery bond made within the time limit required by law, the within described property was released to the within named Earl Ellis at 3 p. m. June 17, 1932." Who the said Earl Ellis was does not appear. He was never made a party to the action and his name does not again appear in the record.

Neither in the petition nor the affidavit in replevin is it alleged that plaintiff claims a special ownership in the property under a chattel mortgage. The case was tried to a jury, however, upon the theory of special ownership of plaintiff under a chattel mortgage.

The right of plaintiff to prove a special ownership under a petition and affidavit in replevin alleging general ownership is not challenged, and we treat that question as waived.

There is but little conflict in the evidence as to the facts. It appears that on and prior to May 26th, the defendant J. B. Disney was an automobile salesman in Oklahoma City. He purchased the Ford automobile in question from a dealer at Blanchard. The car was delivered to Disney from the Ford plant in Oklahoma City. Plaintiff furnished the money with which the purchase price was paid.

J. B. Disney, on May 29, 1932, executed and delivered to plaintiff his promissory note in the sum of $436.66.

It seems to be conceded that he executed and delivered a chattel mortgage covering the Ford automobile in question, though it was never introduced in evidence and no copy thereof appears in the record. Plaintiff testified that he filed the chattel mortgage for record June 1, 1932.

Disney then applied to the State Highway Department for a license number and certificate of title. He had the certificate of title issued in the name of his wife, Flora Disney, one of the defendants. The application for certificate of title appears to have been signed by Flora E. Disney, and verified before John B. Disney, notary public. Therein she swore, or appears to have sworn, that there was no lien upon the automobile. Upon the verified or apparently verified application, a certificate of title was issued to Flora E. Disney showing that the applicant had stated that the motor vehicle was subject to no lien whatever.

Shortly thereafter Disney advertised the car for sale in an Oklahoma City paper.

Defendant Bob Rucker saw the advertisement and went to see the car and finally sent defendant Otis Garrett to buy the automobile for his, Rucker's wife. This was on or about June 6, 1932. This action was commenced October 12, 1933.

As stated before the complaint and affidavit in replevin alleged general ownership in plaintiff.

The answer was a general denial. The cause was therefore tried to a jury on March 7, 1934, resulting in a verdict for plaintiff as follows:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths, find the issues for the plaintiff for the possession of the car involved herein."

Motion for a new trial was filed March 9, 1934, and was overruled March 12, 1934. On May 3, 1934, there was filed in the cause a journal entry of judgment, dated as of March 7, 1934, which, after reciting and purporting to set out a copy of the verdict, provided:

"Thereupon, the court rendered a judgment on said verdict and directed that the verdict be recorded as provided by law, the judgment of the court being that the plaintiff have judgment for the possession of the automobile described in plaintiff's complaint and replevin, or the value thereof, to wit, $550.

"It is therefore ordered directed and adjudged, that the plaintiff have judgment against the defendants, and each of them, for the possession of the automobile described in the plaintiff's complaint and replevin, or in lieu thereof, the sum of $550, and the costs of this action."

The only difference between the verdict returned and the purported copy of the verdict, set out in the journal entry of judgment, is that in the latter it was stated "do upon our oaths find the issues in favor of plaintiff for the return of the property" instead of "for possession of the car involved herein."

From the judgment and order overruling the motion for a new trial, defendants appeal.

The 11th assignment of error is:

"Error of the court in rendering judgment in favor of defendant in error in the alternative for the value of the automobile in litigation, to wit, $550."

Defendants first contend that the court erred in giving certain instructions. This we think is without substantial merit. By instructions Nos. 1 and 2, the court stated the issues and the respective theories of the parties; that is, that plaintiff claimed the right of possession of the car because he furnished the purchase price to J. B. Disney and took the chattel mortgage from J. B. Disney; that defendants claimed the car by reason of having purchased it without knowledge of there being a chattel mortgage on it, and having received a certificate of title from Flora E. Disney, and that there was no mortgage on record from Flora E. Disney to anyone.

This was in substance the theory of defendants.

There was some conflict in the evidence as to how much Rucker actually paid for the automobile. He contended that he paid $550 for it, and in addition bought some articles of furniture for $60, and gave his check, which was in evidence, to J. B. Disney in the sum of $610.

Disney testified, in substance, that he sold Garrett or Rucker considerably more furniture than they claimed, and that the check was given for that, and intimated that he delivered the car to Rucker for practically nothing. The evidence is uncontradicted that Mrs. Flora E. Disney represented to both Rucker and Garrett that the car was absolutely clear and that there was no mortgage against it. But, conceding that plaintiff had a chattel mortgage of record at the time Rucker bought the car by J. B. Disney, he was not bound by any representations made by Disney or his wife of which he had no notice.

The court, very properly, told the jury that the public record in the county clerk's office gives notice to all parties of mortgages, and that the records at the State Highway Department are not binding, but are suggestive only. There is little room for doubt, under the record in this case, but that Disney and his wife juggled the title to the car in question so as to deceive the purchasers, but there is no evidence from which it would appear that plaintiff, Campbell, had any knowledge thereof.

The next contention is that the judgment is improper.

There is merit therein. In the first place plaintiff alleged ownership in himself without mention of the chattel mortgage claim. But the cause was tried without objection, upon the theory of special ownership, but plaintiff alleged both in his petition and the affidavit of replevin that the value of the automobile in question was $505.32.

The jury did not find the value of the automobile and was not instructed so to do. The court in no case properly entered al-

ternative judgment for $550. Under the record in this case, no alternative judgment could have been properly rendered.

There was no evidence offered as to the value of the automobile at the time the writ of replevin was served.

At the trial, just before plaintiff rested in chief, the record shows the following:

"The Court: You will save time now by proving your values. I want to hurry up this case: Mr. Giddings: If the court please, the note is offered in evidence for $436.66, and providing for attorney's fees and interest, and the complaint in replevin shows the balance due, $505.32, and Mr. Campbell testified that was the balance due. The Court: Well, what about the value of the property at the time it was replevined? Proceed. Mr. Giddings: If the court please, there is a redelivery bond here, so it is actually in custodia legis. Possession is all we are seeking."

In view of this statement, no instruction was given, and none could have been properly given to the jury to find and fix the value of the car in case delivery thereof could not be had.

This court has many times held that where the effect of the verdict or judgment in a replevin action is to change the possession of the property involved, there must be a finding of the value of the property before a judgment for such value in case delivery cannot be had, may be entered. Universal Supply & Mach. Co. v. Const. Mach. Co., 160 Okla. 209, 16 P. (2d) 865; Chandler v. Colcord. 1 Okla. 260, 32 P. 330.

In Ward v. Richards, 28 Okla. 629, 115 P. 791, where the same situation arose, except that the verdict was for the defendant where no redelivery bond appears to have been given and judgment was entered for possession only, it was said:

"No judgment is entered for the value of said property in favor of said defendant. The judgment entered is predicated upon the verdict. Had a judgment been rendered against the plaintiff on this verdict in the alternate for the value of the property, that would have been a reversible error."

The case of King et al. v. King, 42 Okla. 405. 141 P. 788, states the proper amount of the alternative judgment in an action in replevin under a chattel mortgage where proof is made of the value of the property. The alternative judgment in that kind of a case is for the value of plaintiff's special interest in the property, and not the value of the property in case such value exceeds the value of plaintiff's interest in the property.

In Beard v. Herndon, 84 Okla. 142, 203 P. 226, it is held:

"In a replevin suit, where the plaintiff recovers judgment for the possession of the property and the property is in the possession of the defendant, no alternative money judgment can be entered for the value of the property in the event the property cannot be recovered, unless the value of the property is proved or admitted."

In the body of the opinion it is said:

"The record does not show that any evidence of the value of the property was given in the trial, and no agreed value is shown. In such a situation a jury, even if it had found the value of the property, could not return a valid verdict finding value, nor could a court render a valid alternative judgment, for the reason that there was nothing upon which to base an alternative judgment for the value of the property."

In Gross v. Lincoln et al., 81 Okla. 87, 196 P. 960, it is held:

"In an action in replevin, it is error to render judgment in favor of the plaintiffs for a sum certain as the value of the property in controversy, in case delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value."

In Wills v. Fuller, 47 Okla. 720, 150 P. 693, it is held:

"In an action in replevin it is error to render judgment in favor of the plaintiff for a sum certain as the value of the property in controversy, in case a delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value."

This issue is fully settled by the decision in Mitchell v. Dadas, 167 Okla. 390, 30 P. (2d) 179.

It is suggested by plaintiff in his brief that it was the duty of attorney for defendants to call the matter to the attention of the trial court by an instruction, or in the motion for a new trial and that not having done so, they are in no position to raise the question here.

This could not be. Defendants' attorney specifically stated that he did not desire to make proof of the value of the property. The court in effect requested plaintiff to make this proof. He declined to do so. Certainly it was not the duty of defendants under such circumstances to suggest to the court that an instruction to find the value of the property be given. It was not the duty of the court to give an instruction on the value of its own motion when plaintiff

declined to make the proof necessary for such a finding.

The motion for new trial was filed and overruled long before the journal entry containing the alternative judgment was filed. The question, therefore, could not have been raised in the motion for a new trial.

If plaintiff had been prevented by any ruling of the court from making the proof of value, we would remand the cause, with directions to permit the proof to be made. But, under the record made, the judgment for possession is affirmed, and the judgment for the value is reversed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and GIBSON, JJ., concur.