MILLER et al. v. WANTLAND.

No. 31216. Dec. 14, 1943.

*143 P. 2d 807.*

James W. Pipkin, Wade Pipkin, and Frank Seay, all of Seminole, for plaintiffs in error.

Long & Sutherland, of Seminole, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the superior court of Seminole county in an action in replevin for possession of certain personal property, including a truck. Judgment was in favor of the plaintiff, and defendants have appealed. The parties will be referred to as they appeared in the trial court.

The plaintiff, C. W. Wantland, doing business as Wantland Oil Reclaiming

Company, brought an action in replevin against the defendants, Max B. Miller and Joda Miller, to recover a truck and trailer with tank, which plaintiff alleged that he purchased from defendants, whereon he had paid $125 on the purchase price, and received the truck, and that the defendants had failed to carry out the sale contract and had taken possession of the property.

The undisputed facts as shown by the testimony disclose that plaintiff paid defendants $125 in advance and was to take the truck with the privilege of using same a week to determine whether or not the same was in good, usable condition, and if so, the plaintiff was to pay defendants the balance of $975, the agreed price of the property being $1,100. It was agreed that if the truck was not what plaintiff desired, he should return the truck, trailer and tank and pay defendants the reasonable rental or usable value of same for the time used.

The plaintiff alleged in his petition that before he had used the truck a week, the length of time agreed upon, he attempted several times to contact the defendant Max B. Miller to pay him the balance of the purchase price, but could not locate him; that plaintiff had painted on said equipment the name of the Wantland Oil Reclaiming Company and had purchased insurance covering his operation of the truck; that approximately two weeks after plaintiff had taken possession of the property, and while it was in his possession and upon his premises, the defendant Max B. Miller took the property without authority of law and has ever since unlawfully and wrongfully withheld the same, to his damage in the usable value of $20 per day for every day suitable for use of same.

The defendants answered, denying generally the allegations of plaintiff's petition, and by cross-petition set up various items of damages in the total sum of $270, for which judgment was asked, and further asked that plaintiff be denied the relief asked for.

The defendants having executed a redelivery bond for the property, the court rendered an alternative judgment for the delivery of the property or its reasonable value in the sum of $1,100.

It is first contended that there was no testimony as to the value of the property upon which the court could base an alternative judgment, designating the amount to be paid in the event the property could not be redelivered to plaintiff, citing Wills v. Fuller, 47 Okla. 720, 150 P. 693, and Rucker v. Campbell, 172 Okla. 429, 45 P. 2d 455. The defendants testified that they finally agreed to take $1,100 for the property and plaintiff agreed to pay that sum, and that $125 of that sum was paid as an advance and the property turned over to the plaintiff, the balance of $975 to be paid in the very near future, but same was not paid. It is true the value of the property is the value at the time the plaintiff was deprived of the use of same, but it is shown that the property was taken from the plaintiff only 18 days after purchased and delivered to him. The testimony nowhere shows a diminished value in the meantime. This court has held that no alternative money judgment can be entered for the value of the property in the event the property cannot be delivered, unless the value of the property is proved or admitted. Beard, Assignee, v. Hearndon, 84 Okla. 142, 203 P. 226. We think there was sufficient evidence adduced at the trial to justify the court in rendering an alternative judgment and determining the value of the property at the time taken by the defendants.

Defendants next contend that the court was without jurisdiction to order the clerk to return to the plaintiff the $975, the balance of the purchase price of the property tendered into court by the plaintiff and not accepted by the defendants. Upon motion of the plaintiff for the return of the money, after notice of appeal and after supersedeas bond had been executed but before the appeal was lodged in this court, the court issued an order requiring the clerk to refund the money tendered

into court to the plaintiff. The defendants contend that such action of the court amounted to a distribution of funds after supersedeas bond had been made and notice of appeal given, and was, in effect, permitting and ordering execution of the judgment from which the defendants were appealing and the execution which they had stayed by the supersedeas bond.

We do not agree with that contention. In support thereof the defendants have cited various holdings of this court wherein it was held that upon appeal which stays proceedings, the subject matter involved is removed from the jurisdiction of the lower court until the appeal has been determined. None of the authorities cited shows facts that would in any way apply to the instant case. The money was tendered into court to be accepted or refused by the defendants in adjusting their differences. They refused to accept it. The trial court had power in the first instance to direct the plaintiff to pay the money into the registry of the court, and the judgment is predicated upon such state of facts. Having permitted plaintiff to withdraw said funds, the court, upon remand of the cause, may, and should, require said tender to be renewed and kept alive before permitting the judgment for the delivery of possession of the property to be executed in favor of plaintiff. For the sake of clarity, we so direct the modification of the judgment.

Modified and affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, BAYLESS, DAVISON, and ARNOLD, JJ., concur. WELCH and HURST, JJ., absent.