## DEERING v. MEYERS.

No. 917.    Opinion Filed July 11, 1911.

(116 Pac. 793.)

**APPEAL AND ERROR—Review—Scope—Failure to Move for New Trial.** Where the plaintiff waived all errors of law, if any, committed on the trial, by failing to file a motion for a new trial, and there is no error apparent on the face of the record, there is nothing presented to this court for review.

(Syllabus by the Court.)

*Error from District Court, Garvin County; R. McMillan, Judge.*

Action by John A. Deering against J. F. Meyers. Judgment for defendant, and plaintiff brings error. Affirmed.

*Taylor & Linn,* for plaintiff in error.

TURNER, C. J. On April 2, 1907, John A. Deering, plaintiff in error, sued J. F. Meyers, defendant in error, in the United States Court for the Indian Territory, Southern District, at Duncan. His complaint and amendment thereto, made, as he says, so as to conform to the proof, substantially state: That the note sued on was made, executed, and delivered by defendant to W. F. Crosslen at Pauls Valley, Indian Territory; that defendant thereby promised to pay to the order of said Crosslen, on October 23, 1906, for value, $4,000, with interest, and 10 per cent. thereof

for attorney's fees "if placed in the hands of an attorney for collection, or suit is filed hereon"; that he is the owner of said note by indorsement from said Crosslen for value and before maturity; that the same was so indorsed April 2, 1906, to secure plaintiff against loss by depreciation in value of certain stock purchased by him from Crosslen in the Washita Valley Interurban Electric Railway Company, and "further and later assigned absolutely to him by said Crosslen to reimburse plaintiff for certain advancements made by him to said Crosslen and certain surety obligations paid for him, amounting to $1,500, with interest; that said stock when so purchased was of the value of $2,500, but that the same depreciated until it had no value."

There was an answer to the original petition, and after it was so amended there was an answer to the amended petition, filed without objection, wherein defendant, in effect, admitted the execution of the note and the indorsement thereof to plaintiff, but denied that he had executed the same for value, and that it had been indorsed to plaintiff for value and before maturity and to secure him as stated in the complaint. He alleged that said note was well known to plaintiff to have been executed without consideration; that the same was given by him to said Crosslen, as secretary of said railway company, and not to him individually, for stock in said company; that said stock never had any value, and that plaintiff had purchased his stock from said Crosslen before the alleged hypothecation to him of the note. On July 7, 1907, the cause was transferred to the district court of Garvin county at Pauls Valley.

To this amended answer plaintiff demurred thus: "* * * To paragraphs Nos. 2, 3, 4, and 5 of the answer to the amended petition as filed by the defendant, and for grounds of demurrer says that said paragraphs undertake to set up statements and arguments entirely new to the issues as joined before trial and to restate many of the allegations of his original answer." And upon the same being overruled, and exceptions saved, he moved to strike the same paragraphs for the same reasons assigned in his demurrer. After the same was overruled, there was reply

filed, and trial to the court, and judgment for defendant, and plaintiff brings the case here.

Since plaintiff, by failing to file a motion for a new trial, has waived all errors, if any, committed on the trial, there is nothing called to our attention here which we can review. Had plaintiff's demurrer been upon the statutory ground that the facts stated in the paragraphs mentioned were insufficient to constitute a defense to his action, we might have passed upon that question. As the same was not so based, it failed to raise a question of law in ruling upon which the court erred. Neither did the court err in overruling said motion to strike.

Finding no error, the judgment of the trial court is affirmed.

DUNN, KANE, and WILLIAMS, JJ., concur; HAYES, J., disqualified.