## H. A. EVANS v. STATE.

No. A-8577.   Oct. 20, 1933.
Rehearing Denied Nov. 17, 1933.
(26 Pac. [2d] 767.)

J. H. Long, for plaintiff in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Stephens county of the offense of driving and operating an automobile on the main street of the city of Duncan without proper license tag and identification tag for the year 1932, and his punishment fixed by the jury at a fine of $50.

The evidence of the state was that J. W. Hite was assisting the county tag agent in the collection of automobile tags, and that on October 22, 1932, a Ford pick-up belonging to Wiley Sharp was parked in front of defendant's house; that he saw defendant leave this car with a tag in his hand which had been taken from the Sharp car; that defendant's Buick car was in his garage and had on it a 1931 tag; that about 4 o'clock in the afternoon he saw defendant's Buick car being driven east on Main street; that this car then had a tag on it which bore the number 105,794; that he checked the records in the tag office and found a tag with this number was issued for a Ford pick-up to Beeson Grantham. R. J. Allen testified he had examined his records as tag agent and that tag No. 105,794 was issued for the year 1932 to Beeson Grantham for a Ford pick-up.

Defendant testifying for himself denied he was down town in Duncan on that day, that he drove a Buick automobile on Main street on that day, or that he owned a Buick car; but testified his wife owned it; that he had given her the money to buy it with; that he had not obtained a 1932 tag for the car. His wife corroborated this testimony.

There being a direct conflict in the evidence, the credibility of the witnesses and the weight to be given their testimony was for the jury.

Since there is competent evidence to sustain the jury's verdict, the conviction must be sustained unless the errors of law complained of are sufficient to require a reversal.

Defendant contends first the court erred in giving instruction No. 2.

This instruction is in the exact language of the statute under which defendant was charged.

It has been held by this court that such an instruction is not erroneous. Anderson v. State, 21 Okla. Cr. 193, 207 Pac. 977.

Defendant contends this instruction is too broad under the evidence in this case, but the court's instructions must be considered together to determine whether the jury was properly instructed as to the law. When instruction No. 2 is considered with instruction No. 4 it clearly appears that the jury was properly instructed as to the law.

Defendant next contends the court erred in refusing to give his requested instruction No. 3.

The substance of this requested instruction was to advise the jury that the witness Hite had no right to collect or receive any fines, and that his acts were only those of a private citizen, and had no official character.

The only question in the case was whether defendant was driving his automobile on the streets of Duncan on the day charged without proper license and identification tag as required by law. Whether Hite was entitled to collect or receive fines had no bearing on the question of

the guilt or innocence of defendant. Consequently, the court was not required to instruct upon that subject. The court gave the usual instruction on credibility of the witnesses, which was all the defendant was entitled to have.

It is next contended the court erred in rereading instruction No. 6.

That instruction as it was originally given by the court is as follows: "You are further instructed that in the event you find the defendant guilty as charged in the information, you will then proceed to deliberate upon the punishment that may be imposed upon him."

It appears from the record that when the instruction was first read to the jury defendant objected to it, and the jury was then advised by the court that it was their duty to fix the punishment. Defendant objecting to that instruction, the court withdrew it and reread instruction No. 6, as above set out.

The minimum penalty fixed by this law is a fine of $50. The jury assessed defendant's punishment at $50. This shows clearly that defendant was in no way prejudiced by the court rereading the instruction in question, after he had originally sustained defendant's objection to it.

The instructions when considered together fairly state the law of the case. No reversible error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.