## HAMPTON v. HAMILTON CONST. CO.

No. 25303.    July 30, 1935.

W. F. Hurt, Co. Atty., and P. A. Sompayrac, Asst. Co. Atty., for plaintiff in error.

Richard K. Harris and Shipman & Lewis, for defendant in error.

RILEY, J. Peremptory writ of mandamus was awarded by the judgment from which this appeal comes. The county treasurer of Washington county was thereby commanded to pay from the sinking fund of the county, a final judgment, in the sum of $842.27, with interest and costs, previously rendered in

the same court, in a cause wherein the Hamilton Construction Company was plaintiff and the board of county commissioners of Washington county was defendant.

It is agreed in the briefs that there exists, and the record presented shows, an unencumbered cash balance in the sinking fund of the county in an amount sufficient to pay the judgment which has been presented to the county treasurer for payment. By the phrase "an unencumbered cash balance in the sinking fund" is meant a sum of money or cash, as distinguished from investments for which the sinking fund is accountable, in excess of the amount required to pay interest coupons on bonds due and to become due and bonds maturing within the fiscal year for which the sinking fund is liable.

The sole defense of appellant is "that it is not the mandatory duty of the county treasurer to pay a judgment out of the sinking fund, * * *" under the facts stated.

Section 28, art. 10, Constitution of Oklahoma, provides:

"Counties, townships, school districts, cities and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons, as they fall due; * * * third, **for the payment of such parts of judgments as such municipality may, by law, be required to pay.**"

See, also, section 5913, O. S. 1931, as amended, S. L. 1933, p. 57, ch. 27 (as to creation of sinking fund and levy of taxes therefor).

See sections 5920, 5922, 5923, 5924, O. S. 1931, as to augmentation of sinking funds from sources other than taxation.

Section 7366, O. S. 1931, inhibits the issuance of an execution "when a judgment shall be rendered against the board of commissioners of any county, or against any county officer in any action prosecuted by or against him in his official name, where the same should be paid by the county, * * *" but provision is thereby made for "a tax sufficient to pay same (which) shall be levied and collected in like manner as other county taxes, and when collected shall be paid by the county treasurer on delivery of a proper receipt and the signing of an acknowledgment on the court record of said judgment, by the party in whose favor the judgment was rendered, or by his attorney of record, that same has been satisfied."

By virtue of section 5913, O. S. 1931, as amended by chapter 27, p. 57, S. L. 1933, an annual tax levy for each municipal corporation in the state is required to be made for a sinking fund in sufficient amount to pay all bonded municipal indebtedness coming due the following year, and one year's interest on all outstanding bonds of such municipality and **"an additional sum** equal to one-third of the original amount of all outstanding judgments against the municipality." Provision is also made in said section, as amended, for the payment of balances on judgments, if any there be, remaining due after the three tax levies have been made to pay the "original amount of all outstanding judgments. * * *"

Thus it appears that a method is provided for the payment and retirement of judgments against municipalities of this state. The question now involved is whether the method above stated is exclusive. That it is not seems manifest in view of section 5919, O. S. 1931, which provides:

"Such sinking fund shall be used: First, for the payment of interest coupons as they fall due. Second, for the payment of bonds falling due, if any there be, and Third, for the payment of judgments against the municipality, if any there be: Provided that when any sinking fund has been used or may hereafter be used to pay judgments as herein provided, that notwithstanding the fact that such judgment or judgments have been paid with such sinking fund, it shall be the duty of the proper officers to make the levies to pay such judgments the same as if the same had not been paid out of such sinking fund, and when so levied and collected the same shall be turned into the sinking fund out of which such judgment or judgments was paid."

This section of the statute not only provides a priority of payment from sinking funds, but also it imposes a duty upon the officer charged with the custody of the fund to pay judgments. These words are used:

"Sinking fund shall be used: * * * Third, **for** the payment of judgments against the municipality, if any there be."

The mandatory duty imposed by this statute is in accord and within the contemplation of the specific constitutional provision bearing upon the subject and hereinbefore quoted. (Section 28, art. 10, Constitution of Oklahoma.) It is a provision for the payment of the sum total "of **such parts** of judgments." By such a payment a temporary diversion of funds occurs by the investment of sinking fund money in judgments. The proviso contained in the stat-

284

ute requires a levy of taxes and a replacement of the sinking fund moneys so invested in judgments.

In the case of City of Shawnee v. Tecumseh, 52 Okla. 509, 158 P. 90, we held:

"Upon the refusal of a city to pay an outstanding judgment against it, to which it has no defense, and said city has a sinking fund sufficient to pay such judgment, a peremptory writ of mandamus will lie to require the mayor and council of such city to cause to be paid such judgment out of such sinking fund. * * *"

Therein it was pointed out that three ways were provided by law for the payment of judgments against municipal subdivisions. This language was used:

"A judgment against a municipality may be legally paid out of its sinking fund, or provision for its payment be made, by including the amount in the statement required to be made by section 7378, Rev. Laws 1910, as an item of the necessary sinking fund, or by the issue of bonds as provided by section 362, Rev. Laws 1910."

The Legislature has amended, in some respects, these statutes since the decision last cited, but the three methods of paying judgments against municipalities continue in force as modified.

Appellant relies on the case of State ex rel. Hatfield v. Moreland. 152 Okla. 37, 3 P. (2d) 803.

In the cited cause, in considering the erroneous and illegal payment of a warrant for the refund of taxes from a sinking fund, this court did discuss a manner of payment of a judgment, i. e., "after levies have been made therefor," as provided by section 8571, C. O. S. 1921, and by way of dictum made use of these words:

"And there is no provision of the law of Oklahoma for the payment of a judgment against the county in any other manner."

But this court, speaking through the same Justice, fully recognized the error in the case of K. C. So. Ry. Co. v. Excise Bd. of LeFlore Co., 168 Okla. 408 33 P. (2d) 493, wherein the rule above stated in the Shawnee v. Tecumseh Case was quoted with approval.

McNEILL, C. J., OSBORN. V. C. J., and PHELPS, CORN, and GIBSON. JJ. concur. BUSBY, J., not voting. WELCH, J., dissents.