**CONNER, County Treas., v. BATTLES.**

No. 27426. Feb. 7, 1939.

Thos. H. Owen and C. A. Ambrister, for plaintiff in error.

Thos. J. Wiley and Jno. W. Porter, for defendant in error.

WELCH, V. C. J. The trial court granted the writ of mandamus requiring the county treasurer to pay certain judgments prior to levy therefor out of the sinking funds of the several school districts and townships against which the judgments had been rendered, and the treasurer has appealed.

The question is whether section 5919, O. S. 1931, 62 Okla. St. Ann. sec. 435, requires the payment of judgments prior to levy therefor, irrespective of whether the sinking fund may be replenished by a levy for the judgments before the funds are needed for the payment of interest coupons and bonds to mature in the meantime.

We quote the provisions of the statute as follows:

"Such sinking fund shall be used:

"First. For the payment of interest coupons as they fall due.

"Second. For the payment of bonds falling due, if any such there be, and,

"Third. For the payment of judgments against the municipality, if any there be; provided, that when any sinking fund has been used or may hereafter be used to pay judgments as herein provided, that notwithstanding the fact that such judgment or judgments have been paid with such sinking fund, it shall be the duty of the proper officers to make the levies to pay such judgments the same as if the same had not been paid out of such sinking fund, and when so levied and collected the same shall be turned into the sinking fund out of which such judgment or judgments were paid."

Observe the provision therein for replenishing the fund by levy for the payment of the judgments. Such provision alone warrants the interpretation of the statute indulged by this court in Hampton, County Treas.. v. Hamilton Construction Co., 173 Okla. 282, 48 P.2d 273, as follows:

"By such a payment a temporary diversion of funds occurs by the investment of sinking fund money in judgments. The proviso contained in the statute requires a levy of taxes and a replacement of the sinking fund moneys so invested in judgments."

The statute specifically provides that sinking funds be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds falling due; and third, for the payment of judgments.

This court has properly said in the Hampton Case, supra, that the statute authorizes the temporary use of the funds for the payment of judgments in the nature of an investment by payment of judgments. It would appear to rationally follow that such temporary use or "diversion" should not be had if the money would be needed for the payment of the two items first enumerated in

the statute, to wit, "interest coupons as they fall due" and "for the payment of bonds falling due." See Bockoven v. Board of Com'rs of Oklahoma County, 131 Okla. 114, 267 P. 1053.

It is therefore our conclusion that under the terms of the quoted statute the sinking funds may not properly be used for the payment of judgments for which no tax levy has been made, unless at the time of such payment there remains in the sinking fund an amount, when added to collection of subsequent levies required to be made by law, sufficient to pay interest coupons as they fall due and for the payment of bonds falling due. We do not here pass upon the requirements of law with reference to payments of judgments for which tax levies have already been made.

Under the facts here it is shown, as to one of the townships, that during the next fiscal year following the trial of this case, there were bonds and interest coupons falling due in the total amount of the funds in the sinking fund, and if the funds are used to pay the judgment, there will not remain sufficient funds to pay the bonds and coupons upon maturity. As to the others, it is shown that certain items are payable out of the several sinking funds at various future dates. The plaintiff's evidence is not sufficient to show himself clearly entitled to the writ, and same therefore will not issue. Take et al. v. Woodruff, Judge, 150 Okla. 73, 300 P. 698.

The inquiry in this connection in the trial court only extended to the amount then in the sinking fund, and the amounts which were payable therefrom during the fiscal year in which the trial was had. The inquiry did not extend to the point required by our conclusion; to show whether or not the funds would be needed to pay the future obligations as they fell due before they would be sufficiently replenished by proper levies and collections.

Plaintiff contends that under the Hampton Case, supra, his evidence need go no further. There is language therein contained which appears to lend some strength to his position in that regard. To that extent the Hampton Case, supra, is hereby modified.

The judgment of the trial court is reversed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. CORN, J., absent.