## FERGUSON, Treas., v. WILSON.

No. 28737.   April 18, 1939.

Rehearing Denied May 2, 1939.

Clyde Followell, Co. Atty., and Foster Windham, Asst. Co. Atty., for plaintiff in error.

Reuel W. Little, for defendant in error.

DAVISON, J.   This action in mandamus was instituted in the district court of LeFlore county to compel the payment of a judgment out of the sinking fund of school district No. 52, of LeFlore county.

The judgment was for the sum of $118.05 with accrued and accruing interest and costs. It was rendered on the 17th day of May, 1937, in the district court of LeFlore county in an action therein pending in which Olah Wilson was plaintiff and said school district No. 52, through its board of education, was defendant. The indebtedness merged in judgment was represented by unpaid warrants, previously issued by the school district. The validity of the judgment is not questioned in this action.

This proceeding to compel the payment of the judgment was instituted by Olah Wilson, judgment creditor, as plaintiff. The cause was tried, resulting in a peremptory writ of mandamus on the 29th day of June, 1937. Thereafter, motion for new trial was overruled and the case is presented to us on appeal by the defendant, who appears herein as plaintiff in error.

The disposition of this appeal is governed by the rule announced in Hampton v. Hamilton Const. Co., 173 Okla 282, 48 P.2d 273, as modified and supplemented by Conner, County Treasurer, v. Battles, 184 Okla. 351, 87 P.2d 121.

In those decisions we held in substance that cash on hand in the sinking fund of a governmental subdivision of the state is available for the payment of a judgment against the subdivision, when no tax levy has been made for the payment of the judgment if, after the payment of the judgment, there will remain in the sinking fund "an amount, when added to collections of subsequent levies required to be made by law, sufficient to pay interest coupons as they fall due and for the payment of bonds falling due." We also held that mandamus is an available remedy to compel the payment of or investment in such judgment, at the instance of a judgment creditor who by his proof brings himself within the requirements of the rule.

In the present case, the judgment granting a peremptory writ of mandamus was rendered in the same fiscal year in which the judgment against the governmental subdivision was rendered, thus no levy had yet been made for the payment thereof.

The proof discloses that there was cash on hand in the sinking fund in the sum of $6,336.34. There were outstanding due and unpaid interest coupons in the sum of approximately $1,600, leaving a balance of $4,700. The sinking fund requirements of the district were such as to authorize and require levies independent of levies for the judgment to the aggregate sum of $20,541.-66, which when added to the $4,700 makes a total of $25,241.66. Distributed through the three years the amount to be raised by collections from levies after making lawful allowance for possible delinquencies in payment of taxes is in excess of $6,000 for each of the years. The maximum amount of sinking fund obligations falling due during any of the years is $5,083. Thus

the annual collections will exceed the obligations falling due yearly.

The law contemplates a reimbursement of the sinking fund for the amount paid for the judgment by three successive annual levies. See 5913, O. S. 1931. as amended by section 1, chapter 27, S. L. 1933. The trial court rightfully assumed that such levies would be made, and refused to consider possible complications in connection with the sinking fund that possibly might arise long after the sinking fund should, in contemplation of law, be reimbursed by collection of taxes imposed by such levies.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.