# KELAY COTANNEY v. STATE.

No. A-9534. Aug. 11, 1939.
(93 P. 2d 39.)

L. J. Burt, of Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. Kelay Cotanney was by information filed in the district court of Creek county, Okla., charged with an assault upon Joe Alexander with a knife, with unlawful, wrongful, and felonious intent to injure the said Joe Alexander; was tried, convicted, and sentenced to imprisonment in the state penitentiary for a year and a day.

Motion for a new trial was filed, considered, overruled, exceptions saved, and the defendant appeals.

The record in this case is very brief. The issues in the case are conflicting.

In brief the testimony shows that the parties—the defendant, the injured party, and other members of the respective families—met at a roadhouse known as Paul's Place on the 2nd day of October, 1937; that W. T. Alexander, often spoken of as Joe, his wife, George McIntosh, and his wife were together; that when they started to leave Paul's Place, when they went on the outside, a man by the name of Bucktrot was on the outside of the building drunk. He had been put out of the house by the management because he was drunk. Bucktrot started trouble by putting his arms around Mrs. McIntosh when they came on the outside. George McIntosh knocked Bucktrot down; and they had a fight. Kelay Cotanney took Bucktrot's side of the difficulty. McIntosh knocked Kelay Cotanney down. They started to fight again, and threw a rock, and hit George McIntosh, and started towards Joe Alexander with a knife. Joe Alexander was not in the fight, but was trying to protect his brother-in-law, McIntosh, from injury.

Joe Alexander stated that they assaulted him before defendant cut him with the knife. He was running from McIntosh across the pavement. Just before Kelay Cotanney cut him with the knife, he jumped on McIntosh's back. McIntosh chased Kelay Cotanney across the street and knocked him down. They came back from across the pavement; and Alexander and McIntosh were at the corner of the building. McIntosh was standing in front of Alexander; Bucktrot had a rock. McIntosh and another gentleman told him to drop it. Cotanney threw a rock, and knocked McIntosh down, and started coming up with a knife.

The record shows Joe Alexander stepped in between Cotanney and McIntosh, and that Cotanney cut Alexander.

The foregoing is the substance of the testimony of the state as to the difficulty and what brought it on. It

shows the actions of the defendant up until the time he cut Joe Alexander with his knife.

The defendant admits that he cut Joe Alexander, but insists that he did it in self-defense.

The substance of the defendant's testimony as to what transpired just before and up to the time he cut Alexander with his knife is that they were having a fight, and that one of them, either Alexander or McIntosh, knocked him down; and that both of them were beating on him; and that he tried to get them to quit; he could not do it; and that he ran his hand in his pocket, got his knife out, and opened it; and cut Alexander several times.

The only issue to be determined in this case is the question of whether or not there is any testimony showing that when the defendant cut the prosecuting witness with his knife, he did so in self-defense and to prevent himself from receiving great bodily injury or harm at the hands of the prosecuting witness and other parties.

The defendant has assigned three errors alleged to have been committed by the trial court:

(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

(2) Because the verdict of the jury is not sustained by the evidence.

(3) Because the verdict of the jury is contrary to the law and the evidence.

The defendant in his brief insists with a great deal of force that the defendant was knocked down three times, and that there were two men on top of him, beating him, when the defendant got his knife out of his pocket, opened it, and cut the prosecuting witness Alexander. The defendant insists that the record shows a clear case of self-defense; and that this court should so hold, and grant the defendant a new trial.

No authorities are cited by the defendant in his brief sustaining his position that the record bears out the contention of the defendant that he acted in his own necessary self-defense in order to avoid receiving great bodily injury at the hands of the prosecuting witness and George McIntosh. There is a clear and distinct conflict in the testimony. The court correctly advised the jury as to the law applicable to the facts.

No complaint is made by the defendant as to the court's instructions; and no effort is made in the argument to show that the defendant was not accorded a fair and impartial trial according to the evidence introduced before the jury, and the law as given to the jury by the court.

It is not the province and duty of this court to decide conflicts in the evidence,

This court in Wagoner v. State, 60 Okla. Cr. 36, 61 P. 2d 33, in the first paragraph of the syllabus stated:

"Conflicting issues of fact are for the sole determination of the jury. A conviction will not be disturbed on appeal because of conflicts in the evidence, if the evidence adduced reasonably tends to support the verdict and judgment."

The jury is the exclusive judge of the weight of the evidence; and if there is a clear conflict in the evidence, or it is such that different inferences can be drawn from it, this determination will not be interfered with, unless it is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice. Choate v. State, 37 Okla. Cr. 314, 258 P. 360; Pickett v. State, 35 Okla. Cr. 60, 248 P. 352; Evans v. State, 55 Okla. Cr. 157, 26 P. 2d 767.

In this case there is no indication that passion or prejudice entered into the consideration of the jury in arriving at its verdict.

The jury, after hearing the evidence, the instructions of the court, and argument of counsel, by its verdict found against the defendant; and this court is not inclined to disturb the finding of the jury.

We hold there is sufficient testimony, though conflicting, to sustain the judgment.

The defendant was accorded a fair and impartial trial.

Finding no error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.