STATE ex rel. STATE BOARD OF BARBER EXAMINERS v. GILL.

No. 30199.   July 1, 1941.

Rehearing Denied Oct. 7, 1941.

*117 P. 2d 538.*

Houston & Miskovsky, of Oklahoma City, for plaintiff in error.

Wm. Blake, of Tulsa, for defendant in error.

Mac Q. Williamson, Atty Gen., and Fred Hansen, Asst. Atty. Gen., amicus curiae.

DAVISON, J. This action was commenced in the district court of Tulsa county by the state on relation of the Board of Barber Examiners to enjoin the defendant from violating an order, promulgated pursuant to section 12, art. 2, ch. 24, S. L. 1937, 59 Okla. St. Ann. § 102, of the board fixing minimum prices for barber services in the city of Tulsa.

Defendant filed his answer and cross-petition, admitting violation of said order and alleging that he was compelled to reduce his prices in order to compete with unregulated shops near his own but located just outside the city limits. He alleged that said outlying shops were operated in an unsanitary manner and that it was the duty of the board to investigate into the conditions thereof with the view of regulating minimum prices to be charged by the owners in the event price fixing should prove necessary to their sanitary operation. It is charged that the board has refused to perform its alleged duty, and mandamus is sought directing the board to perform said duty.

The cause was submitted to the trial court on an agreed statement to the effect that the pleadings revealed all the facts.

The trial court enjoined defendant from further violation of the order aforesaid, and granted the writ commanding the board to make the investigation as prayed for in the cross-petition. Only the board has appealed.

The plaintiff board assigns the action of the court in granting the writ as error, but its brief offers no argument or authority whatsoever in support of the assignment. Plaintiff's brief contains only the conclusions of the trial court. The brief of defendant and cross-petitioner admits the constitutionality of the act in question based upon the reasoning in the case of Herrin v. Arnold, 183 Okla. 392, 82 P. 2d 977.

The sole question involved in this appeal is whether the trial court had authority to issue said mandatory writ.

Section 12, art. 2, ch. 24, S. L. 1937, is the law applicable to the question involved herein. Said section reads as follows:

"(a) The Board shall have the power to approve price agreements establishing minimum prices for barber work, signed, and submitted by any organized groups of at least seventy-five percentum (75%) of the duly licensed, registered and practicing barbers of any city or town of one thousand (1000) population or more according to the last Federal Decennial Census, after ascertaining by such investigations, and proofs as the condition permits and requires, that such price agreement is just, and under varying conditions, will best protect the public health and safety by affording a sufficient minimum price for barber work to enable the barbers to furnish modern and healthful service and appliances, so as to minimize the danger to the public health incident to such work.

"The Board shall take into consideration all conditions affecting the barber profession in its relation to the public health and safety.

"In determining reasonable minimum prices, the Board shall take into consideration the necessary costs incurred in the particular city or town affected by this Act in maintaining a barber shop in a clean, healthful and sanitary condition.

"(b) The Board, after making such investigation, shall fix, by official order, the minimum price for all work usually performed in a barber shop.

"(c) That if the Board, after investigation made either upon its own initiative or upon the complaint of a representative group of barbers, determines that the minimum prices so fixed are insufficient to properly provide healthful services to the public and keep the shops sanitary, then the Board from time to time shall have authority to vary or refix the minimum prices for a barber's work in each city or town affected by this Act."

It is stipulated that the barber shops which defendant, by his cross-petition, is requesting the board to investigate are not located in a city or town of one thousand (1,000) or more population.

The brief of defendant and cross-petitioner cites some language in the Herrin Case, supra, indicating that this court was of the opinion that section 12, supra, authorized the Board of Barber Examiners, *in its discretion,* and without a minimum price agreement signed by 75 per cent of the registered barbers of the city or town involved being filed with the board, to issue an order fixing minimum prices for barber work in any city or town of this state, regardless of whether the same had a population of more than 1,000 inhabitants.

The act involved herein was also declared constitutional by the Criminal Court of Appeals in the case of Ex parte Herrin, 67 Okla. Cr. 104, 93 P. 2d 21. In that opinion the court held that, under the provisions of section 12, supra, *it is a condition precedent to the action of the board* that 75 per cent of the duly licensed, registered, and practicing barbers in said city or town shall file a petition with the board requesting an investigation by the board as to the establishment of minimum prices in such city or town.

It will be noted that the language used by this court and the Criminal Court of Appeals with reference to this particular construction of the provisions of section 12, supra, is dictum due to the fact that in each case the town of Edmond, Okla., was involved and it was admitted that said town contained more than 1,000 inhabitants.

It is unnecessary and inadvisable, under the facts and circumstances of the present case, to further construe the act involving the above conflict because it will be noted that neither court has held that it is the *discretionary or mandatory duty* of the board to hold hearings in areas surrounding cities and towns of this state and to issue orders fixing minimum prices for barber work in said areas.

Since the board in instances where it is admittedly authorized to issue minimum price orders has the right to use a reasonable discretion as to the issuance thereof, and since the order of the district court appealed from is in the nature of a writ of mandamus, and since the pleadings in the case show that the action of the board in failing to investigate the outlying barber shops involved herein was not capricious, arbitrary, or unreasonable, we must conclude that the issuance of the writ was without authority of law. See the case of Bankers Union Life Insurance Co. v. Read, 182 Okla. 103, 77 P. 2d 26, wherein it was held:

"It is well settled that mandamus will not lie to compel the performance of a power, the exercise of which lies in the discretion of the officer against whom the writ is sought, unless the action of the officer is capricious, arbitrary, or unreasonable."

In the present case defendant and cross-petitioner has not shown that he is clearly entitled to the relief sought by the writ, and the trial court was

therefore without authority to issue the order or writ. See Conner, County Treasurer, v. Battles, 184 Okla. 351, 87 P. 2d 121.

The judgment, insofar as it pertains to the foregoing order, is reversed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and GIBSON, JJ., concur. WELCH, C. J., and HURST and ARNOLD, JJ., absent.