### J. M. SPARKS v. STATE.

No. A-9828. July 9, 1941.

(115 P. 2d 277.)

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and D. P. Hervey, Co. Atty., of Stillwater, for the State.

Walter Mathews, of Cushing, for defendant.

BAREFOOT, P. J. Defendant, J. M. Sparks, was charged in the county court of Payne county with the crime of violating the "barber law," was tried, convicted and assessed a fine of $25, and has appealed by transcript to this court.

The act under which defendant was charged was chapter 24, art. 2, of the 1937 Session Laws, 59 Okla. St. Ann. § 91 et seq. The specific charge was that defendant violated said law by cutting hair as a licensed barber

at a price less than that fixed by the State Board of Barber Examiners. This act has been held constitutional by this court and the Supreme Court in the following cases: Ex parte Herrin, 67 Okla. Cr. 104, 93 P. 2d 21; Herrin et al. v. Arnold, District Judge, 183 Okla. 392, 82 P. 2d 977, 119 A.L.R. 1471; Vandervort et al. v. Keen, District Judge, 184 Okla. 121, 85 P.2d 405; Tennyson v. State, 70 Okla. Cr. 415, 106 P. 2d 1114; State of Oklahoma ex rel. State Board of Barber Examiners v. J. K. Gill, 189 Okla. 458, 117 P. 2d 538. It is unnecessary to quote from these cases. They discuss and decide a number of the questions raised by this appeal.

In recognizing the rule announced in those cases it is contended that other errors were committed by the court in the trial of this case which necessitate a reversal thereof. The first alleged error is that the trial court erred in refusing to sustain the demurrer to the information. It is unnecessary to quote the information in full. It is contended in defendant's brief that the information did not allege that said minimum price order "was duly given or made as provided by section 2894, O. S. 1931, 22 Okla. St. Ann., § 412, or other facts disclosing jurisdiction of the Board to make it." It is contended that the information is defective because "it does not allege what minimum price was fixed by the State Board of Barber Examiners for hair cuts. * * *"

The information states: "* * * by charging one W. E. Martin the sum of twenty-five (25c) for a hair cut, a sum fifteen cents (15c) less than the minimum price approved by the said Barber Board * * *".

It does not occur to us that this is pleading a conclusion. It is a mere matter of calculation.

It is next contended that a certified copy of the order of the barber board was not served upon the defendant,

but there was only served upon him a certified copy of the minimum price schedule. This question has been decided adversely to the contention of defendant in the case of Tennyson v. State, supra. The further contention that the information did not allege that defendant "cut anybody's hair" is without merit. It clearly alleges that he violated said order by charging one W. E. Martin the sum of 25 cents for a haircut.

The further contention that the information did not allege that said charge of 25 cents for a haircut was made in the city of Cushing is untenable. The information alleges that defendant was operating a barber shop in Cushing. That a minimum price order had been fixed for the city of Cushing, and that he had violated said order by charging W. E. Martin only 25 cents for a haircut. These allegations clearly and sufficiently apprised defendant of the charge he was to meet. Warren v. State, 24 Okla. Cr. 6, 215 P. 635.

It is next contended that the information did not allege that said minimum price order "was duly given or made as provided by section 2894, O. S. 1931, 22 Okla. St. Ann. § 412, or other facts disclosing jurisdiction of the board to make it." This section is as follows:

"In pleading a judgment or other determination of, or proceeding before a court or officer of special jurisdiction it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made. The facts constituting jurisdiction, however, must be established on the trial."

We do not think that this section of the statute applies to the issue here involved for the reason that the order of the board which establishes a minimum price for barber work is not a judgment or determination as referred to in the above section. See Ex parte Herrin,

supra; Cowan v. Maxwell, 27 Okla. 87, 111 P. 388. The judgments or determinations referred to in the above section have reference to judgments of courts or to officers having special jurisdiction in designated cases or proceedings and not to the establishment of subordinate rules within prescribed limits and a determination of facts to which a legislative policy is to apply, such as the minimum price order here involved.

It is next contended that the court erred in not giving defendant's requested instruction No. 4, which was as follows:

"You are instructed that if the order of the State Board of Barber Examiners fixes an unreasonable and arbitrary minimum price, and a price beyond which barbers may conduct a clean and sanitary barber shop, or if barbers in Cushing may conduct a clean and sanitary shop by charging prices less than that fixed by said Board, then you should acquit the defendant."

It is the contention of defendant that this instruction was justified under the decision of Herrin et al. v. Arnold, District Judge, supra, by the Supreme Court wherein it was stated [183 Okla. 392, 82 P. 2d 982, 119 A. L. R. 1471]:

"The board does not have arbitrary power; the courts can still inquire into the question of whether its decisions are unreasonable, extravagant or arbitrary."

That part of the opinion immediately following the above quotation states:

"If here the board has, without more, merely proved an agreement it has not acted according to law. We do not, however, so understand the pleadings. Presumably it has taken into consideration all conditions affecting the barber profession in its relation to the public health and safety, and has taken into consideration the necessary costs in the particular city or town affected in maintaining a barber shop in a clean, healthful and sanitary

condition, and has, after such investigation, made its official order fixing the minimum price for all work usually performed in a barber shop."

It will thus be noted that, under the opinion of the Supreme Court in the above case, the presumption favors the validity of the order made by the board. The burden was therefore upon defendant to show that it was illegal.

As above stated, the appeal in this case was by transcript. No part of the evidence appears in the record. The question as to whether or not the instruction requested by defendant should have been given by the trial court involves a consideration of the evidence in this case which does not appear in the record. Smiser v. State, 19 Okla. Cr. 86, 198 P. 110. See, also, Ex parte Herrin, supra.

It is next contended that the court erred in refusing to give defendant's requested instruction No. 2, which was as follows:

"You are instructed that if you find that a true copy of the order of the State Board of Barber Examiners was not served or given to the defendant, then you should acquit him."

This question has been previously discussed. The general instructions of the trial court fully outlined the provisions of the statute with reference to notice, requiring the state to prove that such notice had been given.

It is also contended that the court erred in giving instruction No. 6, which was as follows:

"You are further instructed that if after a complete and full examination of the evidence, you believe beyond a reasonable doubt that the State Barber Board did on or about the 19th day of June, 1939, fix and approve a schedule for barbers operating in the city of Cushing, you are instructed that where the same is filed in the office of the Secretary of State, that the defendant is charged with the notice thereof."

This instruction involves the question of the evidence produced in the case and which is not before the court. It was also fully discussed and decided by this court in the case of Tennyson v. State, supra.

It is finally contended by defendant that this law is unconstitutional because it is in contravention of sections 6 and 32 of the Bill of Rights of the Constitution of the State of Oklahoma, Okla. St. Ann., which are as follows:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

"Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this state."

It is contended that the unconstitutionality of this law by reason of the above sections of the Bill of Rights has not been passed upon by this court or the Supreme Court in the decisions heretofore cited. While this is true, the argument presented is the same as presented when it was contended that the law was unconstitutional by reason of the due process clause and the equal protection clauses and the other provisions of the Constitution cited. The very fact that these sections were not cited in those cases is strong argument that this law is not in contravention of their terms. It is unnecessary to here review the previous decisions of this court and of the Supreme Court upon this question. Counsel has not cited in his brief any case where similar sections in the Constitutions of other states have been considered in passing on the many cases wherein the validity of a similar law was involved. It is apparent that the lawyers in those cases have never seriously considered that these constitutional

provisions had any bearing upon the constitutionality of statutes involving the validity of minimum or maximum wage or price orders promulgated by statutory administrative boards under authority thereof. The only case to which defendant refers in his brief is the case of Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758, decided by this court in an elaborate opinion by Judge Doyle. We have carefully read this opinion and fully agree with the principles announced therein, but do not find anything that would cause one to believe that the statute here under consideration is unconstitutional by reason of section 6 of the Bill of Rights of the Constitution of this state.

The contention that the members of the Board of Barber Examiners, by reason of the fact that they establish the rules and orders fixing the minimum price for barber work done in certain localities, have a pecuniary benefit as a result of these orders because they are barbers themselves, is untenable. Moreover, there is nothing in the record to show that any of the members of the board have practiced their trade in the city of Cushing or in Payne county. The defendant was not tried by the members of this board, but by an unbiased and unprejudiced judge and jury in his home county. It may just as well be argued that the members of the bar of this state could not act as bar examiners for the examination of applicants to the bar because they might be interested from a pecuniary standpoint in not seeing other persons admitted to the bar, or that a physician could not be placed upon a board regulating the practice of medicine because he had a pecuniary interest therein.

We see nothing in section 32 of the Bill of Rights of the Constitution of this state which causes us to believe that the statute here under consideration is in violation of its terms. The case of Sheldon v. Grand River

Dam Authority, 182 Okla. 24, 76 P. 2d 355, which is cited by defendant, does not in our opinion establish the fact that this act creates a monopoly in violation of said section 32.

We close this opinion with a short quotation from the case of Ex parte Herrin, supra [67 Okla. Cr. 104, 93 P. 2d 39], which fully covers our views with reference to the barber law here under consideration:

"We do not deem it necessary to cite the many decisions of the state, federal, and Supreme Courts, which uphold the principles above set forth. They are cited in the leading cases and notes to which reference is made, if an examination of them is desired. We are firmly of the opinion, that if the Legislature of this state has the right to regulate the barber industry of this state in the interest of public health and sanitation, and to establish standards of fitness to engage in the profession under the exercise of the police power, then it has the power, through the barber's board, as organized under the law, as a fact finding board, to fix and determine the minimum prices which may be charged by those engaged in the barber business, in designated areas, so that the public may be served by barbers who are not only skilled, but free from contagious disease, and that while so conducting their business in compliance with the laws of this state, they may at the same time be afforded a fair return on their investment and their labor."

For the reasons above stated the judgment and sentence of the county court of Payne county is affirmed.

JONES, J., concurs in the conclusion. DOYLE, J., absent.

JONES, J. (concurring). I concur in the conclusion reached by Judge BAREFOOT; however, if the appeal herein had been by case-made and there was evidence in the record supporting the contention of the defendant that the order of the Board of Barber Examiners

was arbitrary and unreasonable and made without any regard to what minimum price was reasonably necessary in order for the barbers in Cushing to conduct a clean and sanitary barbershop, it is my opinion that the case would have had to have been reversed for failure of the trial court to give proper instructions submitting this issue to the jury; but under the state of the record, and in the light of the prior decisions of this court, the opinion affirming the judgment of the lower court is correct.