Clarence HYRE, City Treasurer of the City of Pauls Valley, Oklahoma, a municipal corporation, Plaintiff in Error,

v.

Robert O. PRATT, Stella Pauline Pratt, Robert O. Pratt, executor of the Estate of T. B. Pratt, deceased, and Robert O. Pratt, administrator of the Estate of Ruby Pearl Pratt, Deceased, Defendants in Error.

No. 39903.

Supreme Court of Oklahoma.

April 16, 1963.

20

Haskell Paul and Charles E. Jackson, Pauls Valley, for plaintiff in error.

R. B. Garvin and C. H. Bowie, Pauls Valley, for defendants in error.

DAVISON, Justice.

This is an appeal from a judgment of the District Court of Garvin County granting a peremptory writ of mandamus ordering Clarence Hyre, City Treasurer (defendant below) to pay a judgment in favor of Robert O. Pratt et al. (plaintiffs below) from the sinking fund of the City of Pauls Valley.

Plaintiffs had filed a prior replevin action in said court against the City of Pauls Valley wherein they claimed ownership of the lines, pipes and material constituting a water distribution system and that the city wrongfully retained possession of the same, and plaintiffs asked for a judgment for possession or in lieu thereof the value of the water system. A trial was held in this replevin action and resulted in a judgment on July 29, 1960, finding plaintiffs were the owners and entitled to possession of enumerated lines, pipes and material, which were in the possession of the city, and also the value thereof, and a judgment was entered in favor of plaintiffs for possession or in lieu thereof the value, after allowance for all credits, in the sum of $9462.48 with interest at 6% from October 6, 1958. The city did not appeal and the judgment became final.

Thereafter and on April 28, 1961, the plaintiffs filed the instant mandamus action

against the defendant City Treasurer, alleging and attaching as an exhibit the judgment in the replevin action; that execution in replevin had been issued and returned unsatisfied; that the city had a surplus in its sinking fund sufficient to pay the judgment; and praying that defendant be required to pay such judgment. The defendant's "response" to the alternative writ of mandamus took issue with the statement of surplus in the sinking fund and further alleged that the liability of the city under the replevin judgment was a "contingent liability only;" that the city was without funds to effect delivery, but had offered the use of its equipment to plaintiffs to remove the pipes, etc. from their buried location; and further:

"Defendant further alleges that the liability of the City in connection with said judgment is at this time contingent only for the further and additional reason that due to the large number of inhabitants residing in the area where the water line is located that said water line should not be removed without making other provisions for the distribution of water for the people residing in said area; and the defendant City of Pauls Valley, Oklahoma, has had no funds from which it could pay such expenses."

Trial was had upon the issues made by the pleadings and from our examination of the record we conclude that the trial court allowed the parties great latitude in the introduction of testimony and evidence. In the final judgment on June 29, 1961, the trial court found the judgment in the prior replevin action was a valid and final judgment and that the property involved could not be restored to plaintiffs in its former condition, "and was not restored to the plaintiffs;" that the sinking fund had sufficient cash on hand to pay the judgment after all other obligations for bonds and interest coupons or any other obligations have been paid; and by mandamus directed the defendant City Treasurer to pay plaintiffs' judgment from said sinking fund.

The defendant did not file motion for a new trial and then appeal from the order overruling the same but appealed direct from the judgment by case made. In this connection the attorney for defendant stated several times in the record that the appeal was not on any controverted questions of fact and that the appeal was entirely on legal questions.

In Staten v. McMahan, Okl., 337 P.2d 440, we stated:

"Errors occurring during the trial of a case cannot be considered in this court unless a motion for a new trial founded upon and including such errors has been made by the party complaining and presented to the trial court and by it denied."

In Kellogg v. School District No. 10, 13 Okl. 285, 74 P. 110, we held:

"Where error is apparent upon the face of the judgment roll or record proper, no motion for a new trial is necessary in order to have the judgment reviewed."

See also Oxford v. State, 80 Okl. 103, 194 P. 101, and Deering v. Meyers, 29 Okl. 232, 116 P. 793.

The evidence at the trial did present controverted questions of fact as hereinafter set forth and the trial court based his conclusions upon said evidence.

Under these authorities this court will not go into the sufficiency of the evidence, but will limit its inquiry to errors of law, if any, appearing on the face of the record.

It is obvious and in fact it is admitted that the circumstances that caused the plaintiffs to commence the replevin suit were similar to those facing the parties in Selected Investments Corp. v. City of Lawton, Okl., 304 P.2d 967, with the difference that in the present situation it was admitted that plaintiffs were the owners of the water system. Plaintiffs relied upon the cited decision in prosecuting their replevin action and it was not denied that the judgment in the replevin action was founded upon the legal conclusions contained in that decision.

For the purpose of brevity we will treat a number of defendant's assignments of error as one proposition. Defendant contends that the City has done all that it is legally required to do and that only that portion of the replevin judgment awarding possession of the material to plaintiffs is valid and binding on the city.

The replevin judgment found and adjudged that the city had possession of the property and that plaintiffs have the immediate possession or in lieu thereof its value, after allowing all credits, of $9462.48. That judgment became final. The mandamus judgment in the instant appeal found the property could not be restored to plaintiffs in its former condition, and was not restored to plaintiffs. These adjudications were based on evidence and cannot now be inquired into because of finality of the first judgment and because in the present appeal no motion for new trial was filed.

In Wortham v. Mathews, 207 Okl. 466, 250 P.2d 428, this court stated:

"In a replevin action, where an alternative judgment has been rendered against a party, for the return of the property taken or its value, it is the duty of such unsuccessful litigant to promptly, and in good faith, tender the property in substantially the same condition and of substantially the same value as when the property was obtained by him, and upon his failure to make such delivery he becomes liable for the full adjudicated value."

We also held in the cited case that the value of the property as fixed by the replevin judgment was final and conclusive where no appeal was taken.

Our statute, 12 O.S.1961 § 1580, provides in part that in an action for possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had.

In Morley v. Bowline, 172 Okl. 173, 43 P.2d 129, it was stated that a finding of value is essential to a judgment in replevin for delivery of property or its value, where the judgment changes possession.

Defendant further contends that the judgment is not properly payable from the sinking fund for the reason that such prepayment is an investment of sinking funds and can only be done with the approval of the city governing body. Defendant argues that the city is limited in the investment of its sinking fund by the provisions of 62 O.S. 1961 § 541, which provides for voluntary investment of such funds in public bonds, warrants and securities by authorization of the city governing body.

Plaintiffs contend the purpose of their action is to require involuntary payment of the judgment with money in the city's sinking fund. Plaintiffs rely on 62 O.S.1961 § 435, which provides:

"Such sinking funds shall be used:

"First. For the payment of interest coupons as they fall due.

"Second. For the payment of bonds falling due, if any such there be, and,

"Third. For the *payment* of judgments against the municipality, if any there be; provided, that when any sinking fund has been used or may hereafter be used *to pay* judgments as herein provided, that notwithstanding the fact that such judgment or judgments have been *paid* with such sinking fund, it shall be the duty of the proper officers to make levies *to pay* such judgments the same as if the same *had not been paid* out of such sinking fund, and when so levied and collected the same shall be turned into the sinking fund out of which such judgment or judgments *was paid*." (Emphasis ours.)

In Hampton, County Treasurer v. Hamilton Const. Co., 173 Okl. 282, 48 P.2d 273, we held that a judgment against the county was, under the provisions of such statute, a charge against the sinking fund and that under certain circumstances an action in mandamus could be maintained to compel the county treasurer to pay the judgment out of surplus unencumbered funds in the sinking fund.

In our later decision in Conner, County Treasurer v. Battles, 184 Okl. 351, 87 P.2d 121, this court approved the legal conclusion in the Hampton case, supra, but modified the language therein relative to the circumstances under which the writ of mandamus was authorized to issue, and stated:

"A judgment against a governmental subdivision of this state, for which no tax levies have been made, should not be paid out of the accumulated sinking fund under the provisions of section 5919, O.S.1931, 62 Okl.St.Ann. § 435, unless it definitely appears that the sinking fund used to pay the judgment will or may be replaced by levy and collection by the time it is needed to pay maturities of pre-existing obligations of the sinking fund."

See also Ferguson, Treas. v. Wilson, 185 Okl. 34, 89 P.2d 949.

The question of the existence of sufficient unencumbered funds in the sinking fund was a matter of determination from the evidence and in the absence of a motion for a new trial is not presented to this court. The defendant does not make any argument or contention that there was not sufficient unencumbered funds to pay the judgment and he does not present any such specification of error in his petition in error filed in this court. From our examination of the record it appears that the condition of the sinking fund is such that the portion thereof used to pay the judgment will or may be replaced by levy and collection by the time it is needed to pay maturities of any pre-existing obligations.

It is our conclusion that under our interpretation of 62 O.S.1961 § 435, plaintiffs had a complete remedy and have shown a right to avail themselves of such remedy and compel defendant to pay the judgment from the sinking fund. Our conclusion renders it unnecessary to give much consideration to the effect of 62 O.S.1961 § 541. As stated that statute deals with the rights of municipal treasurers, with authorization of the governing body, to make voluntary investment of sinking funds in enumerated securities and the procedures to be followed. We fail to see how it affects the obligation to use the sinking funds to pay the matured municipal debts enumerated in Sec. 435, supra, or the right to compel payment of such obligations. This also disposes of any contention that the municipal governing body was a necessary party to the mandamus suit.

Affirmed.

HALLEY, V. C. J., and JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WELCH and JOHNSON, JJ., dissent.